{¶ 16} I agree with the majority author that there existed sufficient evidence apart from the results of the field sobriety testing that indicated probable cause to arrest Hall for driving under the influence. Although the smell of alcohol arguably may have emanated from one of the passengers in Hall's car, the record indicates that Hall's speech was mumbled and slurred when he was questioned by Officer Stack and the latter testified that Hall stumbled when asked to exit the vehicle.
 {¶ 17} Moreover, earlier this year, the Ohio Supreme Court decided State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, which effectively limited State v. Homan (2000),89 Ohio St.3d 421. Although Homan made inadmissible field sobriety test results not administered in strict compliance with standardized testing procedures,[1] the Schmitt court nonetheless held that "[a] law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests." Schmitt,2004-Ohio-37, at the syllabus.
 {¶ 18} Thus, even if the field sobriety tests had been administered with less than strict compliance,[2] Officer Stack's observations regarding Hall's performance would be admissible in any subsequent trial as evidence of intoxication. In this regard, Officer Stack testified that Hall "stumbled" and was "unresponsive to initial requests" to perform the heel-to-toe balance and stability field sobriety test. As illogical as it appears, these observations would be admissible during a trial on a charge of driving under the influence even if the test results themselves would be inadmissible — even in the absence of other, more specific testimony regarding observations that would be consistent with alcohol impairment.
 {¶ 19} Justice Pfeifer, recognizing the inconsistent reasoning, dissented in Schmitt, stating:
 {¶ 20} "Of course, an officer's observations not related to the administration of a sobriety test should be admissible. * * * But we cannot have an officer testifying that he just happened to observe an accused's attempt to walk heel-to-toe in a straight line, and noticed a little wobbling. Are juries to believe that an accused would voluntarily stand on one leg and count while an officer was coincidentally observing?" Id. at ¶ 21.
 {¶ 21} However much I agree with Justice Pfeifer, I see no reason why these observations would not likewise support a finding of probable cause to arrest for driving under the influence. Thus, even if there was no other evidence of intoxication apart from that observed during administration of nonstandardized field sobriety tests, which is not the case here, suppression of evidence is unwarranted where there is competent credible evidence from a law enforcement officer that he or she observed behavior consistent with intoxication.
[1] Since Homan was decided, the General Assembly amended R.C. 4511.19. Under the amended statute, an arresting officer no longer needs to administer field sobriety tests in strict compliance with standardized test procedures in order for the test results to be admissible at trial. See R.C.4511.19(D)(4)(b); see, also, Schmitt, 2004-Ohio-37, at ¶ 9.
[2] A fact that I find Officer Stack neither admitted nor did the court find that the officer admitted as much. Moreover, I similarly find it illogical for the trial court to conclude that field sobriety tests were not administered in strict compliance with standards of which it was unaware and were not in evidence.