OPINION
{¶ 1} This appeal is submitted to this court on the record and the briefs of the parties. Appellant, Gerald L. Hall, appeals the judgment entered by the Geauga County Court of Common Pleas. Hall was convicted of one count of driving under the influence of alcohol or drugs.
 {¶ 2} In November 2002, an employee of the Sunoco gas station on Mayfield Road in Chesterland noticed a vehicle parked outside of the store. After the vehicle had not moved for about forty minutes, the employee investigated the situation and noticed an individual sleeping in the vehicle. The employee contacted the police.
 {¶ 3} Sergeant Deborah Davis of the Chester Township Police Department responded to the call. She testified that the vehicle's windows were down, the sun-roof was open, and the engine was running. She attempted, unsuccessfully, to verbally wake the occupant. Thereafter, she shook the occupant of the vehicle. In court, she identified the occupant as Hall.
 {¶ 4} Sergeant Davis observed a six-pack of Red Dog beer on the floor of the automobile. Two of the bottles were empty. In addition, there was a can of Budweiser beer in the center console. The can of beer was three-quarters full. Sergeant Davis requested back-up, and, subsequently, Officer James Johnson responded to the scene.
 {¶ 5} Hall was disoriented. When asked if he knew where he was, he told Sergeant Davis that he was home, in Painesville. Next, he pointed to a nearby business and informed Sergeant Davis that was his home. Hall provided a valid driver's license and proof of insurance. Sergeant Davis noticed a strong odor of alcohol on Hall's breath and that his eyes were bloodshot. She asked him to get out of the car. Hall needed to use the car door for support as he exited the vehicle.
 {¶ 6} Sergeant Davis had Hall perform the walk-and-turn and the one-leg-stand field sobriety tests. Hall was falling during both of the tests. Sergeant Davis terminated both tests early in the interest of Hall's safety. Officer Johnson recorded Hall's performance on these tests.
 {¶ 7} Sergeant Davis did not administer a horizontal gaze nystagmus test to Hall, because he had become agitated. The test requires the officer and suspect to be within fifteen inches of one another. Due to safety concerns, she chose to omit this test.
 {¶ 8} Hall was arrested for driving under the influence of alcohol or drugs. Officer Johnson conducted a brief search of Hall's person incident to the arrest. At this time, a pipe, possibly used for marijuana, was found in Hall's pocket. After Hall was taken into custody, he declined a breath alcohol content ("B.A.C.") test.
 {¶ 9} Hall was charged with driving under the influence of alcohol or drugs. This was a third-degree felony due to Hall's prior convictions for DUI. Hall was also charged with possession of drug paraphernalia. He pled not guilty to these charges.
 {¶ 10} Hall filed a motion to suppress the evidence of the field sobriety tests. A hearing was held on the issue. Thereafter, the trial court denied Hall's motion to suppress, ruling, in part, that the field sobriety tests were administered in strict compliance with the National Highway Traffic Safety Administration ("NHTSA") standards.
 {¶ 11} Following the trial court's ruling, Hall filed a second motion to suppress. Hall attached a copy of the transcript from the suppression hearing, as an exhibit, to this motion. In the motion, Hall scrupulously compared Sergeant Davis' testimony to the exact language of in the NHTSA manual. The trial court denied Hall's second motion to suppress.
 {¶ 12} A jury trial was held. The jury found Hall guilty of the DUI charge. However, the jury found Hall not guilty of the possession of drug paraphernalia charge. In a nunc pro tunc judgment entry, the trial court sentenced Hall to a mandatory term of sixty days in prison. In addition, Hall was sentenced to a three-year prison term. These sentences were ordered to be served consecutively.
 {¶ 13} Hall raises one assignment of error:
 {¶ 14} "The trial court erred to the prejudice of appellant in overruling his motion to suppress evidence concerning field sobriety tests."
 {¶ 15} "Appellate review of a motion to suppress presents a mixed question of law and fact."[1] The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence.[2] Thereafter, the appellate court must independently determine whether those factual findings meet the requisite legal standard.[3]
 {¶ 16} In State v. Homan, the Supreme Court of Ohio held, "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures."[4] Subsequently, the Supreme Court of Ohio has extended the Homan holding to apply to the admissibility of these test results at trial.[5] Thus, field sobriety tests must be conducted in strict compliance with the testing procedures for the results to be admissible at trial.[6]
 {¶ 17} We note the Homan decision has been superseded by the amendment of R.C. 4511.19.[7] The amended statute provides that the results of field sobriety tests are admissible if the tests were administered in substantial compliance, rather than strict compliance, with the testing standards.[8]
However, this statute became effective in 2003, subsequent to Hall's arrest. Therefore, we will apply the Homan/Schmitt
strict compliance standard to this case.
 {¶ 18} On appeal, Hall has included excerpts from the transcript of the suppression hearing and compared them, word for word, with excerpts from the NHTSA manual. We note that Sergeant Davis was generally describing the tests. She was not specifically asked whether the specific items, complained of herein, were performed.
 {¶ 19} Initially, Hall asserts the walk-and-turn test was not administered in strict compliance with the NHTSA standards because the officers did not designate a line. He cites this court's decision in State v. Lowe, wherein this court reversed a DUI conviction due to counsel's failure to file a motion suppress.[9] In Lowe, this court found that the record indicated all three field sobriety tests were not conducted in strict compliance with the standards. In regard to the walk-and-turn test, this court noted the officer testified that there was no line for the defendant to follow.[10]
 {¶ 20} In the case sub judice, the Sunoco parking lot did not have marked lines. However, we note the NHTSA manual provides that line may be real or imaginary. At the suppression hearing, Sergeant Davis testified that her instruction to Hall was to take nine steps "in a line." Because Hall indicated he did not understand the test, Sergeant Davis gave the instructions twice and demonstrated the test twice. Sergeant Davis, through her instructions and demonstrations, specifically indicated to Hall that he was required to walk a line.
 {¶ 21} Hall also claims that Sergeant Davis did not demonstrate the walk-andturn test concurrently while giving the instructions. The NHTSA manual merely includes the word "demonstrate" in parenthesis after the instructions. We are not aware of any requirement that requires the demonstration and instruction to be contemporaneous. Moreover, the fact that Sergeant Davis gave an appropriate demonstration and instruction is sufficient to strictly comply with the standards.
 {¶ 22} Hall asserts he was not asked if he understood the instructions at a certain point. We disagree. Sergeant Davis testified "[Hall asked] me to show him again and tell him again how to do it. So I went through the instructions again, and I also demonstrated again because we always ask the person if they understand." This indicates Sergeant Davis not only asked Hall if he understood the test, but took additional steps to ensure that he did.
 {¶ 23} Finally, Hall claims he was not told to watch his feet at all times and that he was not permitted to stop after beginning the test. While the transcript does not specifically contain these instructions, we again note that the test was explained and demonstrated twice. Presumably, Sergeant Davis was watching her feet during the demonstration. Finally, we note that Hall did not attempt to stop the test on his own. Rather, Sergeant Davis terminated the test for safety reasons.
 {¶ 24} In regard to the one-leg-stand test, Hall similarly argues that instructions were not given concurrently with the demonstration, he was not instructed to watch his foot, he was not instructed to keep his arms at his sides, and was not asked if he understood the instructions. Again, at the suppression hearing, Sergeant Davis was generally describing the tests and was not specifically asked whether these specific items were performed.
 {¶ 25} Hall has not demonstrated that the trial court erred by finding that the field sobriety tests were conducted in strict compliance with the NHTSA standards.
 {¶ 26} Even if we were to hold that the field sobriety tests were not conducted in strict compliance with the NHTSA standards and the trial court erred by overruling Hall's motion to suppress on this issue, this error would be harmless beyond a reasonable doubt. In Schmitt, the Supreme Court of Ohio held that "[a] law enforcement officer may testify at trial regarding observations made during a defendant's performance of nonscientific standardized field sobriety tests."[11] The court reasoned that while the Homan decision may exclude the results of field sobriety tests not administered in strict compliance with the standardized procedures, a police officer may still testify regarding his observations of the defendant during the test. The court held that the officer is a lay witness testifying as to whether an individual is intoxicated.[12]
 {¶ 27} In the case sub judice, Sergeant Davis testified at trial. She stated Hall was falling during the administration of both the walk-and-turn test and the one-leg stand test. In addition, she testified that both tests were terminated in the interest of Hall's safety. Pursuant to the Schmitt holding, this testimony was admissible.
 {¶ 28} Hall's assignment of error is without merit.
 {¶ 29} The judgment of the trial court is affirmed.
Christley, J., Grendell, J., concur.
[1] State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.
[2] Id., citing State v. Fanning (1982), 1 Ohio St.3d 19.
[3] Id., citing State v. McNamara (1997),124 Ohio App.3d 706.
[4] State v. Homan (2000), 89 Ohio St.3d 421, paragraph one of the syllabus.
[5] State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, at ¶8.
[6] Id.
[7] Id. at ¶ 9.
[8] Id.
[9] State v. Lowe (Dec. 21, 2001), 11th Dist. No. 2000-T-0138, 2001 WL 1647197.
[10] Id. at *3.
[11] State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, syllabus.
[12] Id. at ¶ 12.