JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Pursuant to Crim.R 12(K), plaintiff-appellant, the state of Ohio, appeals from an order granting a motion to suppress filed by defendant-appellee, Charles Burton, on the basis that the police lacked probable cause to arrest him. We reverse the trial court's judgment.
The record shows that Cincinnati police officer Kelly Best arrived at the scene of a minor accident on a downtown street. She saw Burton standing on the sidewalk by his truck. Before she even got out of her car, Burton yelled, "Hey baby," at her. Robert Chafer, the driver of the other vehicle involved in the accident, told Best that Burton had backed his truck into Chafer's vehicle, breaking a headlight. Burton explained that he could not have hit Chafer's vehicle, because his friend was standing behind Burton's truck indicating to him to continue to back up his truck. Best saw debris from Burton's vehicle consistent with Chafer's account of the accident.
As she approached Burton, Best noticed that he had bloodshot eyes and a strong odor of an alcoholic beverage about his person. She stated that he was joking around and talking loudly. She had him perform field sobriety tests, two of which he did not perform satisfactorily. Consequently, she placed Burton under arrest. Best testified that when she asked him if he had anything in his pockets, he responded that "he had something for her in the front of his pants."
Subsequently, Burton refused to take a breath-alcohol test. He was charged with operating a motor vehicle under the influence of alcohol pursuant to R.C. 4511.19(A)(1) and two other traffic offenses. The trial court granted his motion to suppress, holding that Best had lacked probable cause to arrest him.
In its sole assignment of error, the state contends that the trial court erred in granting Burton's motion to suppress. It argues that probable cause to arrest existed when the arresting officer observed factors that showed alcohol consumption and "appreciable impairment to operate a motor vehicle." This assignment of error is well taken.
Courts determine probable cause according to the facts and circumstances of each case. State v. McWilliams (Mar. 1, 1995), 1st Dist. Nos. C-940378 and C-940379. In determining whether probable cause to arrest existed, a court must ascertain whether, at the time of the arrest, the police officer had sufficient facts and circumstances within her knowledge to warrant a prudent person in believing that the defendant was committing or had committed an offense. State v. Heston (1972),29 Ohio St.2d 152, 280 N.E.2d 376; Cincinnati v. Wolfe, 1st Dist. Nos. C-010303 and C-010304, 2001-Ohio-3916.
The trial court held that the officer did not conduct the field sobriety tests in substantial compliance with standardized testing procedures. See R.C. 4511.19(D)(4)(b); State v. Schmitt, 101 Ohio St.3d 79,2004-Ohio-37, 801 N.E.2d 446. But even if we do not consider the evidence relating to the field sobriety tests, we hold that the facts and circumstances supported a finding that Best had probable cause to arrest Burton. See State v. Kiefer, 1st Dist. No. C-030205, 2004-Ohio-5054.
Observations indicating that Burton had caused the accident, his bloodshot eyes, the strong odor of an alcoholic beverage about his person, and his inappropriate behavior gave Best sufficient facts to warrant a prudent individual in believing that Burton had been operating a vehicle under the influence of alcohol. Therefore, she had probable cause to arrest him. See State v. Lopez, 1st Dist. Nos. 020516 and C-020517, 2003-Ohio-2072; Cincinnati v. Jacobs, 1st Dist. Nos. C-010279, C-010280 and C-010281, 2001-Ohio-4031; Cincinnati v. Sims (Oct. 26, 2001), 1st Dist. Nos. C-010178 and C-010179; McWilliams, supra. Consequently, we sustain the state's assignment of error, reverse the trial court's judgment granting Burton's motion to suppress, and remand the case for proceedings consistent with this judgment entry.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.