DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the August 26, 2004 judgment of the Ottawa County Court of Common Pleas, which sentenced appellant, Kimberly Buffa, following her conviction of operating a motor vehicle while under the influence of alcohol, a violation of R.C. 4511.19(A)(1); driving while under a license suspension, a violation of R.C. 4507.02(B)(1); possession of drug paraphernalia, a violation of R.C. 2925.14(C)(1); and operating a vehicle with an open container, a violation of R.C. 4301.62(B)(4). Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal:
 {¶ 2} "I. The trial court's ruling on appellant's Motion to Suppress and the jury's verdict are in error, as the police investigative stop and warrantless arrest of appellant violated the Fourth Amendment.
 {¶ 3} "II. The verdict of the jury convicting the appellant on Count One of the indictment was based on insufficient evidence and was against the manifest weight of the evidence."
 {¶ 4} In her first assignment of error, appellant argues that the trial court erred by denying her motion to suppress the evidence obtained from an allegedly illegal stop. The following evidence was presented at the motion to suppress hearing.
 {¶ 5} Steven Dunn testified that on December 24, 2002, between 10:00 p.m. and 12:00 midnight, he observed what appeared to him to be a drunk driver. He called his wife who was working at a nearby gas station to obtain a number for the police department. His wife called the police for him. When the driver of the other vehicle approached the gas station, the driver stopped for 30 seconds as if turning in, and then drove off. Dunn, however, pulled in and parked. A few minutes later, the vehicle returned. Appellant entered the station and appeared to be intoxicated.
 {¶ 6} Katherine Dunn testified that she heard a car pull into the station a few minutes after the husband arrived. She watched the vehicle and thought it might hit the propane tanks stored next to the store. She recognized the car as the one her husband had described. Dunn then saw appellant exit the vehicle from the driver's seat while a man remained in the vehicle. Appellant entered the store and appeared to be intoxicated. She began to cause a commotion so Dunn reported her to the police.
 {¶ 7} Dunn's co-worker, Margie Risch, likewise testified that she observed appellant drive into the gas station with a male passenger in the car. Risch also thought appellant was intoxicated because of her actions.
 {¶ 8} The arresting officer testified that after he received a dispatch about a possible drunk driver, he proceeded to the area. Unable to locate the described vehicle, the officer resumed his duties. The officer then received another dispatch to the gas station regarding a drunk driver. He drove by the station several times preferring to wait for the driver to leave. When the car did not move for several minutes, he called the gas station and spoke to Dunn. When he learned that appellant was causing a commotion inside, the officer decided to go inside and address appellant's disorderly conduct. As he entered the store, the officer observed an automobile parked outside that matched the description of the earlier dispatch. He saw a male passenger sitting in it. When the officer saw appellant, he observed that she had doughnut crumbs all over her face and on the counter. She was stumbling and talking to herself. While he testified at trial that appellant smelled strongly of alcohol and there was the odor of alcohol on her breath when he spoke to her, he admitted that he did not include these facts in his report. Appellant had red glassy eyes. Her clothing was disheveled. The officer had a difficult time understanding what appellant was trying to say regarding her name. Her speech was slurred, she was talkative, and she was laughing and acting like nothing was going on. He asked the employees of the store if appellant had been driving the vehicle. They told him that they had seen her pull in and exit from the driver's side door. He asked appellant how she got to the store and she pointed to the vehicle parked outside. She denied having driven the car and said that her father had been the driver. The officer then went outside and asked the man in the car who had been driving, he said it was appellant. Appellant refused to perform the field sobriety tests.
 {¶ 9} Appellant contends that the arresting officer did not have a reasonable suspicion to stop and question her about driving while intoxicated because the stop was based solely upon a telephone tip from a third party. She argues that the additional calls from Dunn regarding appellant's conduct in the store only permitted the officer to investigate appellant's disruptive conduct in the store. Furthermore, appellant argues that had the evidence obtained from the stop been properly suppressed, the officer would not have had probable cause to arrest her for driving under the influence.
 {¶ 10} A police officer may briefly detain an individual without a reasonable, articulable suspicion if necessary to promote a legitimate public concern. Ohio v. Robinette (1997), 80 Ohio St.3d 234, 240, andState v. McDonald (Apr. 24, 2001), 5th Dist. No. 2000-CA-51 at 8-9. Beyond such a brief detention, a warrantless seizure is reasonable under the Fourth Amendment to the United States Constitution only if the officer either had probable cause to believe that a crime had been committed or if there was some articulable, reasonable suspicion of criminal activity to justify further investigation. Whren v.United States (1996), 517 U.S. 806, 810, citing Delaware v. Prouse (1979),440 U.S. 659, and Terry v. Ohio (1968), 392 U.S. 1, 21-22. See, also,State v. Erickson (1996), 76 Ohio St.3d 3, 7.
 {¶ 11} The scope and duration of the investigative stop must last no longer than is necessary to fulfill the purpose for which the initial stop was made. Florida v. Royer (1983), 460 U.S. 491, 500, and UnitedStates v. Brignoni-Ponce (1975), 422 U.S. 873, 881. However, if the officer observes additional circumstances that give rise to a reasonable suspicion of some other illegal activity, the officer may detain the person for as long as the new articulable and reasonable suspicion continues. Ohio v. Robinette, supra at paragraph one of the syllabus.
 {¶ 12} Furthermore, a warrantless arrest for driving under the influence is justified by the exigent circumstances if the officer has probable cause to believe that the person had been driving while intoxicated. Beck v. State of Ohio (1964), 379 U.S. 89, 91, and State v.Homan (2000), 89 Ohio St.3d 421, 427, superceded by statue on other grounds as stated in State v. Schmitt (2004), 101 Ohio St.3d 79, at ¶ 7. Probable cause exists when at the time of arrest the officer had "* * * facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Buck v. State of Ohio, supra.
 {¶ 13} Appellant's initial argument is premised upon a belief that the officer stopped appellant solely to investigate an uncorroborated tip of drunk driving relayed by a third party to the police. We disagree with this premise. While the officer was initially called to the area because of a report of drunk driving, he entered the gas station to question appellant only after receiving the second dispatch about appellant's disorderly conduct and determining that he needed to give this complaint a higher priority. As he entered the gas station, the officer immediately noticed appellant's unusual behavior, the smell of alcohol, her unkempt appearance, and her bizarre demeanor. The officer therefore had a valid basis for detaining appellant and questioning her regarding her conduct.
 {¶ 14} Furthermore, as the officer entered the store, he had observed the vehicle meeting the description of a car reported to have been operated by a drunk driver. He saw a passenger in the front passenger seat. These facts, in addition to what the officer observed inside the gas station, gave the officer a reasonable suspicion that appellant had driven to the gas station while intoxicated. Therefore, the officer was also justified to make further inquiries as to whether appellant had driven to the gas station. Because the stop was based upon a reasonable and articulable suspicion of disorderly conduct and driving while intoxicated, the officer could utilize the evidence obtained from the stop to determine if he had probable cause to arrest appellant without a warrant for driving while intoxicated.
 {¶ 15} Appellant's first assignment of error is not well taken.
 {¶ 16} In her second assignment of error, appellant argues that her conviction of operating a motor vehicle under the influence of alcohol, a violation of R.C. 4511.19(A)(1), was contrary to the manifest weight of the evidence and was not supported by sufficient evidence.
 {¶ 17} The standard for determining whether there is sufficient evidence to support a conviction is whether the evidence admitted at trial, "if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus; and State v. Thompkins (1997),78 Ohio St.3d 380, 386, reconsideration denied (1997), 79 Ohio St.3d 1451. Therefore, the verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.
 {¶ 18} Furthermore, the standard for determining whether a conviction is contrary to the manifest weight of the evidence is whether, upon a review of the entire record and after weighing the evidence and all reasonable inferences from the evidence and considering the credibility of the witnesses, we find that a greater amount of credible evidence supported the conviction than not and that the jury did not lose its way and thus create a manifest miscarriage of justice. State v. Thompkins,
supra at 386-390.
 {¶ 19} R.C. 4511.19(A)(1) prohibits operation of a motor vehicle while under the influence of alcohol. At trial, the prosecution presented the following evidence relating to this charge.
 {¶ 20} Steven Dunn testified that he saw appellant as she exited the vehicle after parking next to the store. Kathy Dunn testified that she saw the car enter the gas station, park, and appellant immediately exit the vehicle from the driver's side while a passenger sat in the front passenger seat. Margie Risch testified that she watched the vehicle park outside the store and saw appellant immediately exit from the driver's side door leaving a passenger in the front passenger seat leaning on the passenger door. Each witness also watched appellant after she entered the store. They all believed that appellant acted in an intoxicated manner. The arresting officer testified that appellant appeared highly intoxicated based on his training and experience. Appellant refused to submit to field sobriety tests.
 {¶ 21} Appellant admitted coming to the station in the car parked outside but denied having driven there. The passenger in the car, Bill Vespucci, told the officer that appellant had been driving. Because he looked ill, the officer talked with him further about how he was feeling. When he learned that Vespucci was in pain and lightheaded, the officer called for medical assistance. At trial, Vespucci testified that he had no recollection of telling the officer that night that appellant had driven to the gas station. He also testified that he had been in an automobile accident one month prior to this night and had sustained injury to his back and ribs. Therefore, that night, he was in a lot of pain. After he parked the car, he exited the car first with appellant's assistance. Then he walked around to the passenger side of the car while appellant went inside the store.
 {¶ 22} James Telliard, appellant's father, testified that after he threw appellant and Vespucci out of his house that night because they were drunk, he saw Vespucci driving away from the house. Telliard could not, however, remember when appellant and Vespucci left Telliard's home.
 {¶ 23} Appellant testified that she did not drive that evening because she had not driven since her 1999 conviction for driving while intoxicated. She testified that Vespucci drove while she sat next to him because he was in a lot of pain and was having difficulty driving. When Vespucci's pain increased, he pulled into the gas station and parked. They wanted to find out the directions back to the home of appellant's father to get his help. Appellant contradicted the statements of the other witnesses as to what transpired inside the store. She felt that these witnesses had falsely accused her.
 {¶ 24} Upon consideration of all of the evidence presented, we find that there was evidence that appellant was highly intoxicated; that she arrived at the gas station in the car parked outside; that she exited the car from the driver's side immediately after parking; and that the other passenger in the car had not been driving. Therefore, we find that appellant's conviction was supported by sufficient evidence, which, if believed, supports a reasonable jury's determination beyond a reasonable doubt that appellant had been driving while under the influence. Furthermore, after weighing the evidence and all reasonable inferences from the evidence and considering the credibility of the witnesses, we find that appellant's conviction is not contrary to the manifest weight of the evidence. Therefore, appellant's second assignment of error is not well taken.
 {¶ 25} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal; for which sum, judgment is rendered against appellant on behalf of Ottawa County, and for which, execution is awarded. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J., concur.