OPINION
{¶ 1} Appellant, Karin L. Foster, appeals the judgment of the Willoughby Municipal Court denying her motion to suppress as well as her constitutional challenge to R.C. 4511.19(D). We affirm.
 {¶ 2} At approximately 2:30 a.m. on July 25, 2004, Officer Louis Formick of the Eastlake Police Department observed a vehicle, driven by appellant, traveling 47 mph in a 35 mph zone. The speed of the vehicle was determined by the officer's radar device. As appellant's vehicle passed the officer, her vehicle veered left of center causing Officer Formick to swerve slightly to the right of his lane. The officer elected to stop appellant to issue her a traffic citation. Accordingly, the officer followed appellant and observed her turn into a shopping plaza. At this time, the officer activated his overhead lights.
 {¶ 3} After appellant stopped, Officer Formick approached her vehicle and advised her of the reason for the stop. At that time, the officer noticed appellant exhibited an odor of alcohol and had bloodshot eyes. When he asked appellant for identification, she first presented her credit card and then offered her driver's license.
 {¶ 4} The officer asked appellant to submit to three standardized field sobriety tests: The Horizontal Gaze Nystagmus (HGN) test, the walk and turn test, and the one leg stand test. After concluding, the officer placed appellant under arrest for operating a motor vehicle while intoxicated.
 {¶ 5} Appellant filed a motion to suppress evidence challenging the officer's probable cause to arrest. Appellant additionally argued that R.C. 4511.19, as modified by S.B. 163, is unconstitutional in violation of the doctrine of separation of powers. The trial court determined the officer had probable cause to arrest appellant but passed on the constitutional question; with respect to the latter, the court determined an analysis of the constitutionality of the statute was inconsequential to its conclusion and therefore unnecessary. Appellant ultimately pleaded no contest and appeals both the trial court's denial of her motion to suppress and its refusal to find R.C. 4511.19 unconstitutional.
 {¶ 6} Appellant assigns the following errors:
 {¶ 7} "[1.] The trial court erred in failing to find that R.C.4511.19(D), as amended by Senate Bill No. 163, effective April 9, 2003, is unconstitutional as it violates section 5(B)[,] Article IV of the Ohio Constitution, the Modern Courts Amendment.
 {¶ 8} "[2.] The trial court erred in denying defendant-appellant's motion to dismiss, [when the court concluded `the test results were not admissible for the probable cause issue and pursuant to State v.Schmitt, 101 Ohio St.3d 79, 801 N.E.2d 446 (2004) at trial." (sic.)
 {¶ 9} Under her first assignment of error, appellant argues that R.C.4511.19(D)(4)(b) is unconstitutional as its enactment violates the separation of powers doctrine. In support, appellant cites Section 5(B), Article IV of the Ohio Constitution which provides that "the supreme court shall prescribe rules governing the practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right."
 {¶ 10} The trial court did not explicitly rule on the constitutional issue raised by appellant. It is well settled that courts will refrain from ruling upon the constitutionality of legislation unless the posture of the cause provides no other logical course. City of Bedford Heightsv. Tallarico (1971), 25 Ohio St.2d 211, 212. The rule ensures that courts will use the power of constitutional review sparingly thereby preserving the autonomy of the General Assembly. See, In re Adam (1997),120 Ohio App.3d 364, 376, (Nader, J., concurring). Here, the trial court determined:
 {¶ 11} "[T]he Constitutional question need not be addressed herein. The Supplemental Brief of Defendant cites certain issues that reflect on the propriety of the test administration and based upon that analysis, the Court concludes that the test results are not admissible for the probable cause issue and pursuant to State v. Schmitt, 101 Ohio St.3d 79,801 N.E.2d 446 (2004) at trial. Irrespective of the test results, however, and pursuant to State v. Schmitt, supra, the Officer may present lay testimony respecting intoxication at the motion hearing and at trial without reference to the test results submitted as expert testimony.
 {¶ 12} "Consequently, the Officer's decision to arrest the Defendant for the OVI offense is supported by sufficient facts to justify probable cause for the OVI arrest. These facts include the observation of erratic driving behavior, odor of alcohol on the Defendant's breath, the Defendant's bloodshot eyes, the initial misidentification by the Defendant of her driver's license, admission by Defendant of her alcohol consumption and the lay observations of Defendant by the Officer as the Defendant proceeded through the field sobriety tests."
 {¶ 13} The trial court found Officer Formick had probable cause to arrest appellant even if the field sobriety test results were inadmissible. Because the court's determination on the issue of probable cause was made independent of the field sobriety test results, we need not reach appellant's constitutional question. Appellant's first assignment of error is therefore moot.
 {¶ 14} In her second assignment of error, appellant argues the trial court erred when it denied her motion to dismiss when the court concluded the results of the field sobriety tests were not admissible for establishing probable cause.
 {¶ 15} Initially, appellant's only motion to dismiss was based upon an alleged speedy trial violation and was ultimately withdrawn. Hence, we presume appellant's second assignment of error pertains to the trial court's decision to deny her motion to suppress.
 {¶ 16} When reviewing the denial of a motion to suppress, the trial court, functioning as the trier of fact, is in the best position to evaluate the evidence, judge witness credibility and resolve factual issues. State v. Livengood, 11th Dist. No. 2002-L-044, 2003-Ohio-1208, at ¶ 9. We are accordingly bound to accept the trial court's factual determinations if they are supported by competent, credible evidence. Id. Once a reviewing court accepts the trial court's factual determinations as true, it conducts a de novo examination of the trial court's application of the law to the facts. Id.
 {¶ 17} Here, appellant does not challenge the facts as they are set forth by the trial court. In its August 25, 2004 judgment entry, the trial court found appellant was stopped because she was driving her vehicle erratically as well as exceeding the lawful speed limit. The officer approached the driver's side of the vehicle and noticed appellant smelled of alcohol and had bloodshot eyes. Appellant admitted to consuming one glass of wine; however, when the officer asked appellant for her identification, she presented her credit card. The officer asked appellant to submit to certain field sobriety tests including the HGN, the one leg stand, and the walk and turn test. Subsequently, the officer placed appellant under arrest.
 {¶ 18} The trial court concluded that the results of the field sobriety tests would not be admitted as evidence of probable cause to arrest. While not explicitly discussing its reasons for not admitting the results, the court cited Schmitt, supra; hence, we can presume the officer failed to properly comply with the NHTSA standards. However, the court was satisfied that the officer's observations regarding appellant's impairment sufficed to create the necessary probable cause to arrest. When observing the facts in their totality, we do not disagree.
 {¶ 19} In State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212, the Supreme Court held that the failure of an officer to strictly comply with field sobriety testing methods renders the results inadmissible for purposes of determining probable cause to arrest. However, the court nevertheless concluded that the "totality of the circumstances" surrounding a valid stop, including an officer's observations of the defendant, are relevant and admissible. Id. at 427. Such "observations clearly fall within the realm of Evid. R. 701,[1] since they are rationally based on the perceptions of the witness and are helpful to a clear understanding of a fact in issue." Schmitt, supra, at ¶ 11.
 {¶ 20} Appellant's erratic driving, the odor of alcohol emanating from appellant, her bloodshot eyes, and her attempt to establish her identification by means of her credit card rather than driver's license are sufficient, taken as a whole, to establish probable cause to arrest. See, e.g., State v. Seal, 11th Dist. No. 2003-L-163, 2004-Ohio-5938, at ¶ 23. Accordingly, appellant's second assignment of error is overruled.
 {¶ 21} For the above reasons, appellant's two assignments of error are overruled and the judgment of the Willoughby Municipal Court is hereby affirmed.
O'Neill, J. concur O'Toole, J., concurs in judgment only.
[1] Evid R. 701 provides: "If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."