{¶ 52} I agree with the majority's conclusion that the HGN test was not conducted in substantial compliance with the NHTSA guidelines. Further, I agree that, without considering the results of the HGN test, Trooper Smith had probable cause to arrest Djisheff for a violation of R.C. 4511.19. The totality of the remaining circumstances supports the validity of the arrest.
 {¶ 53} However, I disagree with the majority's conclusion that the trial court's failure to suppress the results of the HGN test is "harmless" error. Since the HGN test was not conducted in accordance with the NHTSA manual, the results of the test should be suppressed, as they are not admissible at trial.[3]
Therefore, the judgment of the trial court denying Djisheff's motion to suppress the results of the HGN test should be reversed.
 {¶ 54} The results of field sobriety tests serve two distinct purposes, in that they can be used to demonstrate the officer had probable cause to effectuate an arrest as well as being used at the defendant's trial to demonstrate that the defendant was actually impaired.[4] If field sobriety tests are not conducted in substantial compliance with the NHTSA standards, the results of those tests are not admissible at trial.[5] In this matter, while the conclusion that the HGN test was not conducted in substantial compliance with the NHTSA standards does not have an impact on whether Trooper Smith had probable cause to arrest Djisheff, it has a clear impact on trial. Simply stated, the state is precluded from introducing the results of the HGN test at Djisheff's trial.
 {¶ 55} Unfortunately, the majority's analysis ends with the probable cause issue. The majority does not address what impact the trial court's error would have at Djisheff's trial. In this matter, there is no scientific evidence that Djisheff was impaired, as Djisheff did not submit to a breathalyzer test. The only "test" that suggested Djisheff was impaired was the HGN test, which this court properly concluded should be suppressed. I cannot conclude that the trial court's failure to suppress the HGN test was "harmless" error in relation to the trial implications.
 {¶ 56} I recognize that Djisheff entered a no contest plea following the trial court's incorrect ruling on his motion to suppress. However, regarding the point at which a matter should proceed upon remand, the Supreme Court of Ohio has held:
 {¶ 57} "It is basic law that an `action of the Court of Appeals in reversing the cause and remanding the case to the Court of Common Pleas for further proceedings has the effect of reinstating the cause to the Court of Common Pleas in statu quoante. The cause is reinstated on the docket of the court below in precisely the same condition that obtained before the action that resulted in the appeal and reversal.'"[6]
 {¶ 58} The judgment of the trial court should be reversed. This matter should be reinstated on the trial court's docket at the point where the trial court entered its judgment entry on Djisheff's motion to suppress, and the trial court should be instructed to grant Djisheff's motion to suppress as it relates to the results of the HGN test. Any proceedings that occurred subsequent to the trial court's erroneous ruling, including Djisheff's no contest plea, are a nullity.
 {¶ 59} In conclusion, there is nothing "harmless" about the trial court's error. Djisheff sought to suppress the results of the HGN test from being used at his trial. This court has concluded that the HGN evidence should be suppressed. Accordingly, Djisheff is entitled to a trial, where the results of the HGN test are not admissible.
[3] See, State v. Schmitt, 101 Ohio St.3d 79, 2004-Ohio-37, at ¶ 8.
[4] Id.
[5] Id. at ¶ 8-9.
[6] (Emphasis added by Supreme Court of Ohio.) Armstrong v.Marathon Oil Co. (1987), 32 Ohio St.3d 397, 418, quoting 5 Ohio Jurisprudence 3d (1978), 426, Appellate Review, Section 717.