**[Cite as *In re C.R.*, 2022-Ohio-2435.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

In re C.R.                                    Court of Appeals No.  H-21-017

                                              Trial Court No.  JUV 2021 00112


                                              **DECISION AND JUDGMENT**

                                              Decided:  July 15, 2022

* * * * *

James J. Sitterly, Huron County Prosecuting Attorney, and
Richard Palau, Assistant Prosecuting Attorney, for appellee.

Heather S. Kocher, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** In this expedited appeal, C.R., appeals the judgment of the Huron County

Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child for

having violated R.C. 4301.69(E)(1), a misdemeanor of the first degree if committed by an adult. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On August 6, 2021, a complaint was filed against C.R., alleging that he engaged in underage consumption of alcohol in violation of R.C. 4301.69(E)(1). The matter proceeded to an adjudicatory hearing, at which the following testimony was provided.

{¶ 3} Melissa Harvey testified that during the afternoon on July 25, 2021, she was outside playing basketball in her driveway with her children when she observed a group of teenagers on the back patio of her neighbor's house. Harvey testified that she saw one of the teenagers "shotgun" a beer by holding it sideways, pop a hole in it, open it, and lean down and drink. Upon seeing that, Harvey walked down to the police station and reported the incident. Harvey testified that she described the teenager as wearing a black shirt and light pants. At the hearing, Harvey identified the teenager who drank the beer as C.R. Harvey further testified that the teenagers were approximately one driveway away, and that she had an unobstructed view of the event.

{¶ 4} The other witness to testify was Officer Jordan Eggleston of the Monroeville Police Department. Eggleston testified that Harvey described the teenager as wearing a dark-colored ball cap, and having long reddish-brown hair. Upon receiving the report from Harvey, Eggleston responded within minutes to the location.

2.

**{¶ 5}** When he arrived at the location at approximately 9:00 p.m., Eggleston observed five males sitting around a table. Eggleston noted that there were several alcoholic beverages on the table in various locations, including several beer cans and a bottle of Patron tequila. One beer can was sitting in front of L.C., who was 22 years old at the time. L.C. claimed that all of the alcohol belonged to him. Eggleston also noticed a cell phone and an open Budweiser in a black "koozie" sitting in front of C.R., who matched the description given by Harvey. C.R. denied that the phone or the beer were his, stating that he had just arrived and sat down. Eggleston also observed several empty beer cans piled up in a wagon next to C.R.

**{¶ 6}** Eggleston testified that while he was speaking with C.R., he observed that C.R.'s eyes were glossy and bloodshot, and that C.R. had slightly slurred speech. When Eggleston asked C.R. if he could check his eyes, C.R. responded that he would not speak with Eggleston until he contacted his lawyer. Eggleston then asked C.R. for his parent's information, and called his parents to come pick up C.R. Eggleston testified that he asked C.R. to come to the front of the house to wait for his parents. When C.R. stood up, he took the phone that was sitting in front of him and put it in his pocket. Eggleston asked C.R. if the phone was his, and C.R. responded that it was.

**{¶ 7}** Finally, Eggleston confirmed that C.R. was 17 years old at the time, and that the incident took place in Huron County, Ohio.

3.

{¶ 8} Following Eggleston's testimony, the state rested.  C.R. moved for a dismissal pursuant to Crim.R. 29, which the trial court denied.  The parties then submitted closing memorandum.  On October 26, 2021, the trial court entered its judgment adjudicating C.R. delinquent.  At the dispositional hearing, C.R. was ordered to be placed on community control with certain conditions.

## II. Assignment of Error

{¶ 9} C.R. has timely appealed his adjudication, and now asserts one assignment of error for our review:

> 1.  Trial Court's finding of delinquency for Underage Consumption was not supported by sufficient evidence and was against the manifest weight of the evidence.

## III. Analysis

{¶ 10} Insufficiency and manifest weight are distinct legal theories.  In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.  In contrast, when reviewing a manifest weight claim,

> [t]he court, reviewing the entire record, weighs the evidence and all
>
> reasonable inferences, considers the credibility of witnesses and determines

whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.

*State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 220, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶ 11} In this case, C.R. was adjudicated delinquent for violating R.C. 4301.69(E)(1), which provides, in relevant part, "No underage person shall knowingly order, pay for, share the cost of, attempt to purchase, possess, or consume any beer or intoxicating liquor in any public or private place."

{¶ 12} In support of his assignment of error, C.R. takes issue with the sufficiency and credibility of the witnesses' testimony. In particular, C.R. argues that Harvey's testimony was insufficient to establish delinquency because she only vaguely identified him as the individual that drank the beer, and she did not testify as to the type of beer, leaving it unclear whether the beer even contained alcohol. Furthermore, C.R. argues that Harvey's view was obstructed by a tall row of hedges that were visible on a Google satellite image that was introduced at trial. Finally, C.R. argues that Harvey's testimony regarding the time of the incident was inconsistent with the time indicated in the police report, thereby suggesting that her recollection of the events was not entirely accurate.

5.

{¶ 13} As to Eggleston's testimony, C.R. notes that Eggleston did not observe C.R. consume any alcohol, and L.C. claimed that all of the alcohol was his. C.R. also argues that Eggleston's observations of C.R. led him to conclude only that C.R. "had *maybe* been consuming alcohol." (Emphasis added.) Furthermore, C.R. emphasizes that Eggleston never testified to any specialized knowledge or training that would aide him in determining intoxication in an individual.

{¶ 14} Thus, C.R. concludes that the trial court's finding of delinquency was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶ 15} The state, on the other hand, notes that Harvey positively identified C.R. in the courtroom as the individual that "shot-gunned" the beer. Moreover, the state argues that Harvey was standing only a driveway away from C.R., and she denied having any obstructions to her view. The state asserts that the issue of the row of hedges was not testified to at trial, and no evidence was produced concerning an obstructed view, and that the whole issue was conjured up by defense counsel during closing arguments based upon the Google satellite image.

{¶ 16} In sum, the state argues that the testimony established that Harvey saw C.R. "shotgun" a beer, that Eggleston observed an open Budweiser in a black "koozie" sitting in front of C.R., that C.R. lied about his ownership of the phone at the same time that he denied possession of the beer next to it, and that Eggleston observed that C.R. had glossy and bloodshot eyes, and slightly slurred speech. As to Eggleston's observation of

6.

intoxication, the state points out that no specialized training is required as "[i]t is generally accepted that virtually any lay witness, including a police officer, may testify as to whether an individual appears intoxicated." *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, ¶ 12.

{¶ 17} Thus, the state concludes that the trial court's finding of delinquency was supported by sufficient evidence and was not against the manifest weight of the evidence.

{¶ 18} Upon review of the record, we find that when viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that C.R. engaged in the underage consumption of alcohol. The confluence of facts between Harvey's positive identification of C.R. as the individual who drank the beer, C.R.'s proximity to empty beer cans and an open Budweiser in front of him, C.R.'s false denial that he owned the phone sitting next to the open Budweiser, and C.R.'s indicators of intoxication such as glossy, bloodshot eyes and slightly slurred speech, support the conclusion that C.R. was consuming beer that evening. Therefore, we hold that C.R.'s adjudication of delinquency is not based upon insufficient evidence.

{¶ 19} Moreover, we find that this is not the exceptional case in which the evidence weighs heavily against the conviction. When viewing the evidence as a thirteenth juror, we find the testimony of Harvey and Eggleston to be credible and corroborative of each other. We also find that any question of Harvey's ability to observe C.R. through the hedge row is strongly outweighed by Eggleston's observations of C.R.

when he arrived at the location.  Therefore, we hold that C.R.'s adjudication of delinquency is not against the manifest weight of the evidence.

{¶ 20} Accordingly, C.R.'s assignment of error is not well-taken.

### IV. Conclusion

{¶ 21} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas, Juvenile Division, is affirmed.  C.R. is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.