OPINION
{¶ 1} Defendant-appellant Tyler Phillips appeals his conviction and sentence entered in the Licking County Municipal Court on one count of Driving Under the Influence, in violation of former R.C. 4511.19(A)(1).
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 7, 2004, an Officer Doug Wells of the Newark Police Department observed someone whom he believed to be Earl Morris driving a vehicle. Officer Wells knew that Mr. Morris did not have a valid driver's license and was further aware that he had a pending bench warrant. The officer observed appellant stop his vehicle in an alley for a short period of time and then proceed to park in a back parking lot behind the Elbow Lounge. Officer Wells called Officer Bobby Hartless for assistance. Officer Hartless was also familiar with Mr. Morris and knew that his license was suspended. Once Officer Hartless arrived on the scene, the two officers approached the parked vehicle. At this time, the officers determined that the driver of the vehicle was not in fact Earl Morris but was instead Appellant Tyler Phillips. When Appellant rolled down his window, Officer Hartless observed that appellant had a strong odor of alcohol about his person and that the vehicle was still running. The officers obtained identification from Appellant and asked him to exit the vehicle and perform field sobriety tests. Appellant completed and failed the Horizontal Gaze Nystagmus test (HGN), showing six out six clues. Appellant became indignant and refused to participate in any further field sobriety tests. He was then arrested.
 {¶ 4} On December 7, 2003, Appellant was charged with one count of driving under the influence in violation of R.C.4511.19(A)(1).
 {¶ 5} On December 9, 2003, Appellant was arraigned on this charge and entered a plea of not guilty.
 {¶ 6} On February 26, 2004, appellant filed a motion to suppress evidence.
 {¶ 7} On May 18, 2004, the trial court conducted a hearing on the motion to suppress.
 {¶ 8} On July 14, 2004, via Judgment Entry, the trial court denied appellant's motion to suppress.
 {¶ 9} Appellant waived his right to a jury trial and on October 27, 2004, the matter proceeded to bench trial which resulted in the trial court finding Appellant guilty as charged. The trial court sentenced Appellant to sixty (60) days in jail and a fine of $300.00.
 {¶ 10} It is from this conviction and sentence appellant now appeals assigning as error:
 ASSIGNMENTS OF ERROR {¶ 11} "I. The trial court committed harmful error in denying the defendant-appellant's motion to suppress evidence."
 {¶ 12} "II. The trial court committed harmful error and abused its discretion in allowing officer hartless to testify concerning his administration and expert interpretation of the horizontal gaze nystagmus test administered during the investigation of the defendant-appellant.
 {¶ 13} "III. The trial court committed harmful error in finding the defendant-appellant guilty of driving under the influence as the conviction of the defendant-appellant was not supported by credible evidence sufficient to sustain or warrant the same."
 I. {¶ 14} In his first assignment of error, Appellant argues that the trial court erred in overruling his motion to suppress. We disagree.
 {¶ 15} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93,96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v.Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 16} In the instant appeal, appellant's challenge of the trial court's ruling on his motion to suppress is based on the third method. Accordingly, this court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in this case.
 {¶ 17} Appellant argues that his constitutional right to be free from unreasonable searches and seizures was violated.
 {¶ 18} The Fourth Amendment is not implicated in all personal encounters between law enforcement officials and citizens, and in particular the case of a consensual encounter. Florida v.Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 2386.
 {¶ 19} In the instant case, the officers did not effect a stop of Appellant but instead approached him while he was sitting in his parked vehicle, with the engine running.
 {¶ 20} A law enforcement officer does not need reasonable suspicion merely to approach an individual to make reasonable inquiries. See Bostick at 434, 111 S.Ct. 2382, 2386; State v.King (Aug. 23, 1999), Clermont App. No. CA98-12-123, unreported.
 {¶ 21} However, assuming arguendo that the officers in the case sub judice did effect a stop of Appellant, we find that they had probable cause to do so in that they had a reasonable, articulable suspicion that the vehicle they were stopping was being driven by someone whom they knew to have a suspended driver's license and an active bench warrant.
 {¶ 22} Once the officer's approached the vehicle and discerned that driver of the vehicle was not the man they suspected, the officers observed a strong odor of alcohol on Appellant which provided them with probable cause to investigate further, eventually resulting in an arrest.
 {¶ 23} Based on the above, we do not find that the trial court erred in denying Appellant's motion to suppress.
 {¶ 24} Appellant's first assignment of error is overruled.
 II. {¶ 25} In his second assignment of error, Appellant argues that the trial court erred in allowing Officer Hartless to testify as to his administration and interpretation of the HGN test. We disagree.
 {¶ 26} Initially, it should be noted that Appellant did not move to suppress the results of the HGN test. Pursuant to Crim.R. 12, Appellant was required to challenge the admissibility of such test prior to trial. City of Defiance v. Kretz (1991),60 Ohio St.3d 1 and State v. French (1995), 72 Ohio St.3d 446.
 {¶ 27} However, it appears that Appellant is not claiming that the HGN test results were inadmissible, but is instead claiming that Officer Hartless lacked the qualifications necessary to present such evidence pursuant to Evid.R. 702.
 {¶ 28} Upon review of the record, we find that Officer Hartless testified that he had been Newark Police Officer for just under three years, he received training in the detention and apprehension of alcohol impaired drivers and was instructed on how to give field sobriety tests through basic academy course and further that he comes in contact with impaired drivers on a nightly basis. (T. at 13-14).
 {¶ 29} By the decisions by the Ohio Supreme Court in Statev. Bresson (1990), 51 Ohio St.3d 123, State v. Homan,89 Ohio St.3d 421, 2000-Ohio-212, and State v.Schmitt,101 Ohio St.3d 79, 2004-Ohio 37, the general reliability of the HGN, one-leg-stand, and walk-and-turn tests have been established. "Accordingly, results of this test are admissible so long as the proper foundation has been shown both as to the officer's training and ability to administer the tests and as to the actual technique used by the officer in administering the test."Bresson, at 128. Expert testimony to establish the underlying scientific principles or theories is not required.
 {¶ 30} Appellant's second assignment of error is overruled.
 III. {¶ 31} In his third and final assignment of error, Appellant argues that his conviction was not supported by sufficient, credible evidence. We disagree.
 {¶ 32} The standard of review of a claim of insufficient evidence was established in State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus:
 {¶ 33} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)
 {¶ 34} In the case sub judice, Appellant was convicted of R.C. § 4511.19(A) (1. This statutory section provides that "[n]o person shall operate any vehicle * * * within this state, if any of the following apply: (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." R.C.4511.19(A)(1).
 {¶ 35} Upon review, we find that the observations of the officer show that there was evidence demonstrating that appellant was under the influence of alcohol. The officer detected an odor of alcohol about appellant's person. Furthermore, he failed the HGN test.
 {¶ 36} Reviewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found that the elements of DUI were proven beyond a reasonable doubt. Therefore, we also find that the record contains sufficient evidence to support appellant's conviction.
 {¶ 37} Appellant's third assignment of error is overruled.
 {¶ 38} The judgment of the Licking County Municipal Court is affirmed.
Boggins, P.J. Hoffman, J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.