OPINION
{¶ 1} Defendant-appellant Brandi Rhinehart appeals her conviction entered by the Licking County Municipal Court, on one count of physical control while impaired and one count of failure to reinstate, after the trial court found her guilty following appellant's entering pleas of no contest to the charges. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On May 6, 2005, appellant was arrested on one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19 (A)(1)(a); one count of driving under suspension, in violation of R.C. 4510.11; and one count of failure to reinstate, in violation of R.C. 4510.21. Appellant appeared before the trial court on May 11, 2005, and entered pleas of not guilty to the charges. On July 20, 2005, appellant filed a Motion for Leave to File Untimely Motion to Suppress, which the trial court granted. Appellant's motion to suppress, which was filed contemporaneously with her request for leave, asserted the evidence obtained by law enforcement officers should be suppressed as the stop of appellant constituted an illegal search and seizure in violation of her Fourth Amendment rights. The trial court conducted a hearing on the motion to suppress on August 22, 2005.
 {¶ 3} The following evidence was adduced at the hearing.
 {¶ 4} Ptl. Ray Lewis of the Newark Police Department testified he was on routine patrol during the early morning hours on May 6, 2005, when he observed two vehicles parked along Fifth Street, near Church Street, in Newark, Ohio. The first vehicle, a Cadillac, was parked appropriately. The second vehicle, a Mustang, was parked at an angle, not fully in the parallel parking spot, with the engine running and its headlights illuminated. No one was in the vehicle. Ptl. Lewis noticed a black male was leaning into the Cadillac, and his entire upper torso was inside the vehicle. The patrolman approached the Cadillac and asked the male for identification. Ptl. Lewis noted the male "appeared to be very young, not twenty-one (21) and obviously * * * intoxicated". Tr. of Suppression Hearing at 7. When Ptl. Lewis asked the male his name, he responded, "Gerard Jones".[1] The male did not have any identification, but provided the officer with a social security number, which corresponded to the name of "Gerard Jones". Ptl. Lewis instructed the male to return to his vehicle while he spoke to the female in the Cadillac.
 {¶ 5} Ptl. Lewis asked the female, who was ultimately identified as appellant, if she was okay and what she was doing there. Appellant informed the officer the male was not bothering her and a friend had dropped her off. Appellant did not know who owned the vehicle in which she was sitting. During the conversation, appellant referred to the male as "Mike". Ptl. Lewis, now realizing the male was one Michael Hale with whom he was familiar, turned his attention back to Hale. The patrolman ultimately arrested Hale. After approximately five minutes, the officer returned to appellant. Appellant informed the officer she was returning from Mojo's in Heath, Ohio. When Ptl. Lewis asked appellant if she had had anything to drink, she implied she had had something to drink. Appellant reiterated she did not know who owned the vehicle, but had been dropped off at the location by a person named Amy Babcock. While obtaining appellant's identification, the officer learned appellant had a suspended license. Ptl. Lewis ultimately arrested appellant for driving under suspension, and transported her to the Licking County Jail.
 {¶ 6} Ptl. Lewis added, during the course of his conversation with appellant, he noticed a strong odor of alcohol emanating from her person, and her speech was slurred. At the Justice Center, Ptl. Lewis administered the horizontal gaze nystagmus test upon appellant. After receiving six out of six clues, the patrolman asked appellant to proceed with further testing. Appellant stated she did not wish to undergo any further testing after the patrolman told her she was not required to do so. Thereafter, Ptl. Lewis advised appellant she was also being charged with operating a motor vehicle while under the influence of alcohol. Appellant refused to take a breath test.
 {¶ 7} On cross-examination, Ptl. Lewis noted, although he had detected an odor of alcohol emanating from appellant's person during his initial encounter with her, his concern at that time was her welfare. As such, the patrolman did not become concerned with the possibility of intoxication until he approached appellant the second time.
 {¶ 8} Upon conclusion of Ptl. Lewis' testimony and closing arguments by counsel for both parties, the trial court overruled appellant's motion to suppress. The trial court specifically found the contact between Ptl. Lewis and appellant was a consensual encounter. The trial court further found, during the encounter, certain indicators heightened the patrolman's suspicion and developed into a reasonable, articulable suspicion to continue the investigation. The trial court concluded the patrolman had probable cause to arrest appellant for driving under suspension. The trial court memorialized its decision via Judgment Entry filed August 22, 2005.
 {¶ 9} On August 25, 2005, appellant appeared before the trial court, withdrew her former pleas of not guilty, and entered pleas of no contest to an amended charge of physical control while impaired, and failure to reinstate. The trial court accepted appellant's no contest pleas, found her guilty, and proceeded to sentencing. The trial court imposed fines totaling $250 plus court costs, but did not impose a jail term. The trial court memorialized the conviction via Journal Entry filed August 25, 2005.
 {¶ 10} It is from that journal entry appellant appeals, raising as her sole assignment of error:
 {¶ 11} "I. THE APPELLANT WAS DENIED DUE PROCESS DUE TO THE TRIAL COURTS FAILURE TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE RIGHTS GRANTED TO HER BY THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 14, ARTICLE 1 OF THE OHIO CONSTITUTION."
 I {¶ 12} In her sole assignment of error, appellant argues the trial court erred in denying her motion to suppress. We disagree.
 {¶ 13} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's finding of fact. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in the given case. State v. Curry (1994), 95 Ohio App.3d 93,96; State v. Claytor (1993), 85 Ohio App.3d 623, 627; State v.Guysinger (1993), 86 Ohio App.3d 592. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690,116 S.Ct. 1657, 1663, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 14} Essentially, appellant argues the trial court incorrectly decided the ultimate issues raised in the motion to suppress, i.e., whether the encounter was consensual or a stop in which appellant's Fourth Amendment rights were implicated.
 {¶ 15} In Terry v. Ohio (1968), 392 U.S. 1, 22,88 S.Ct. 1868, 20 L.Ed.2d 889, the United States Supreme Court determined "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to Terry, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 16} A stop does not have to meet the Terry test if it involves a consensual encounter. A consensual police encounter versus a Terry stop is explained in State v. Taylor (1995),106 Ohio App.3d 741:
 {¶ 17} "The first type is a consensual encounter. Encounters are consensual where the police merely approach a person in a public place, engage the person in conversation, request information, and the person is free not to answer and walk away. * * * The request to examine one's identification does not make an encounter nonconsensual. * * * Nor does the request to search a person's belongings. * * * The Fourth Amendment guarantees are not implicated in such an encounter unless the police officer has by either physical force or show of authority restrained the person's liberty so that a reasonable person would not feel free to decline the officer's requests or otherwise terminate the encounter. * * * Once a person's liberty has been restrained, the encounter loses its consensual nature and falls into one of the next two Supreme Court categories.
 {¶ 18} "* * *
 {¶ 19} "The second type of encounter is a Terry stop or an investigatory detention. The investigatory detention is more intrusive than a consensual encounter, but less intrusive than a formal custodial arrest. The investigatory detention is limited in duration and purpose and can only last as long as it takes a police officer to confirm or to dispel his suspicions. * * * A person is seized under this category when, in view of all the circumstances surrounding the incident, by means of physical force or show of authority a reasonable person would have believed that he was not free to leave or is compelled to respond to questions.
 {¶ 20} "* * *
 {¶ 21} "The third type of encounter involves a seizure that is the equivalent of an arrest. To perform such a seizure the police officer must have probable cause." Id. at 747-748. (Citations omitted). (Emphasis added).
 {¶ 22} We find the initial encounter between Ptl. Lewis and appellant was consensual in nature. Ptl. Lewis did not effectuate a stop of appellant. The officer approached appellant who was sitting in a parked vehicle with the engine running. A law enforcement officer does not need reasonable suspicion merely to approach an individual to make reasonable inquiries. State v.Phillips, Licking App. No. 2004CA00093, 2005-Ohio-3822. Because the initial encounter between appellant and Ptl. Lewis was consensual, appellant's Fourth Amendment rights were not immediately implicated.
 {¶ 23} We now turn our attention to the patrolman's subsequent contact with appellant. The record reveals Ptl. Lewis spoke with Michael Hale for approximately five minutes before returning to appellant. The patrolman asked appellant for identification, and she provided him with a green state identification card, a non-driver identification. Ptl. Lewis became concerned appellant did not have a driver's license, and confirmed this suspicion through dispatch. During this second contact, the officer also noticed a strong odor of alcohol emanating from appellant's person. These facts provided the officer with reasonable suspicion for the continued detention and, ultimately, along with other evidence of alcohol impairment, probable cause to arrest appellant. Accordingly, we find the trial court did not err in overruling appellant's motion to suppress.
 {¶ 24} Appellant's sole assignment of error is overruled.
 {¶ 25} The judgment of the Licking County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The officer's incident report indicated the name given was "Jarrod Jones".