The STATE of Ohio, Appellant,

v.

CRISWELL, Appellee.

[Cite as *State v. Criswell,* 162 Ohio App.3d 391, 2005-Ohio-3876.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20952.

Decided July 29, 2005.

Scott A. Liberman and Robert N. Farquhar, for appellant.

Cynthia A. Lennon, for appellee.

GRADY, Judge.

{¶ 1} The state of Ohio appeals from a judgment of the Kettering Municipal Court that suppressed evidence, including field-sobriety tests and a breath-alcohol test, in a prosecution for operating a motor vehicle while under the influence of alcohol.

{¶ 2} The facts in this case are not in dispute. On October 6, 2004, at around 2:00–2:15 a.m., Centerville police officer Doug Train observed a truck being driven by defendant at a high rate of speed coming off the exit ramp from northbound I-675 onto Far Hills Avenue. Officer Train followed defendant's vehicle a short distance to the intersection of Far Hills Avenue and Whipp Road, where the vehicle stopped for a red light. When the light turned green, defendant turned east onto Whipp and accelerated quickly. Officer Train clocked defendant on his radar unit at 58 miles per hour in a 35–mile–per–hour zone. Officer Train then stopped defendant's vehicle for the speeding violation.

{¶ 3} When Officer Train approached defendant's vehicle he observed that defendant's eyes were bloodshot and glassy. Officer Train also detected a moderate odor of alcohol on defendant's breath. Defendant's speech, however, was not slurred. Suspicious that defendant might be driving under the influence, Officer Train asked defendant whether he had been drinking. Defendant replied that he had had "a few beers." Officer Train asked defendant to exit the vehicle and perform six field-sobriety tests, all of which defendant failed. Officer Train then arrested defendant for driving under the influence of alcohol. A subsequent breath-alcohol test given to defendant at the police station produced a result of .105.

{¶ 4} Defendant was charged with operating a motor vehicle while under the influence of alcohol, R.C. 4511.19(A)(1), and speeding. Defendant filed a motion to suppress the field-sobriety tests and the breathalyzer test, arguing that police lacked sufficient reasonable, articulable suspicion of driving under the influence to require field-sobriety tests. Following a hearing, the trial court sustained defendant's motion and suppressed the field-sobriety tests and the breathalyzer test.

{¶ 5} Pursuant to R.C. 2945.67 and Crim.R. 12(K), the state timely appealed from the trial court's decision suppressing the evidence.

Assignment of Error

■ {¶ 6} "The sole assignment of error is whether the trial court committed reversible error in sustaining defendant-appellee's motion to suppress the evidence of the field sobriety test."

{¶ 7} The trial court found that Officer Train had lawfully stopped defendant's vehicle for the speeding violation. *Whren v. United States* (1996), 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89; *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, 665 N.E.2d 1091. However, relying upon this court's previous decision in *State v. Spillers* (Mar. 24, 2000), Darke App. No. 1504, 2000 WL 299550, wherein we concluded that the combination of a nominal traffic violation, plus a slight odor of alcohol, plus an admission of having consumed "a couple" of beers did not constitute sufficient reasonable, articulable suspicion of driving under the influence to warrant the administration of field sobriety tests, the trial court concluded that the facts known to Officer Train were not sufficient to create a reasonable, articulable suspicion of driving under the influence that justified field-sobriety tests. The trial court further concluded that the facts in this case were "strikingly similar" to those in *Spillers*. We disagree with both of the trial court's conclusions.

■ {¶ 8} The propriety of any investigative stop must be viewed in light of the totality of the surrounding facts and circumstances. *State v. Bobo* (1988), 37 Ohio St.3d 177, 524 N.E.2d 489. Decisions in cases such as this one are very fact-intensive. *State v. Marshall* (Dec. 28, 2001), Clark App. No. 2001–CA–35, 2001 WL 1658096.

{¶ 9} The odor of alcohol on defendant's breath was described by Officer Train as "moderate," whereas the odor involved in *Spillers* was only "slight." Moreover, the speeding violation in this case, 23 miles per hour over the posted limit, can hardly be described as a nominal traffic violation, unlike the weaving within a lane of travel in *Spillers*. To the contrary, it is a substantial violation, and while speeding is not necessarily indicative of intoxication, it clearly can be one. In any event, and unlike in *Spillers*, another indication of impairment was present in this case: defendant's bloodshot, glassy eyes. We further note that defendant admitted having consumed "a few beers," which could be more than two, not just "a couple" as was the case in *Spillers*.

■ {¶ 10} While none of the above facts that were known to Officer Train was sufficient, standing alone, to justify field-sobriety tests, we conclude that the totality of these facts and circumstances was sufficient to create a reasonable, articulable suspicion of driving under the influence that justified the administration of field-sobriety tests. Defendant's poor performance on those tests, along

with the foregoing facts, created probable cause for his arrest. The trial court therefore erred in suppressing the field-sobriety tests and the breath-alcohol test.

{¶ 11} The assignment of error is sustained. The judgment of the trial court suppressing the field-sobriety tests and the breath-alcohol test is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

FAIN and DONOVAN, JJ., concur.