[Cite as *State v. Vonalt*, 2011-Ohio-3883.]

STATE OF OHIO         )         IN THE COURT OF APPEALS
                    )ss:       NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA   )

STATE OF OHIO                   C.A. No.     10CA0103-M

     Appellee

     v.                      APPEAL FROM JUDGMENT
                                 ENTERED IN THE
GARY R. VONALT              MEDINA MUNICIPAL COURT
                                 COUNTY OF MEDINA, OHIO
     Appellant            CASE No.    09 TRC 08924

DECISION AND JOURNAL ENTRY

Dated: August 8, 2011

BELFANCE, Presiding Judge.

{¶1}    Gary Vonalt appeals the judgment of the trial court. For the reasons set forth below, we affirm.

I.

{¶2}    Just after midnight on November 17, 2009, Officer Cliff Nicholson observed a car, which he later learned was being driven by Mr. Vonalt. Officer Nicholson observed Mr. Vonalt make a wide turn and cross left of center, "straddl[ing] the whole entire lane in the * * * opposite lane of traffic." Officer Nicholson followed Mr. Vonalt for a bit and then initiated a traffic stop. As he approached the vehicle, Officer Nicholson smelled "a moderate odor of alcohol" that he determined was coming from Mr. Vonalt. Officer Nicholson asked Mr. Vonalt how many drinks he had had. According to Officer Nicholson, Mr. Vonalt replied that he had drunk six beers.

{¶3} Officer Nicholson asked Mr. Vonalt to step out of the car and proceeded to perform field sobriety tests. Officer Nicholson determined that Mr. Vonalt demonstrated multiple signs of intoxication during these tests. Based on the tests and his other observations, Officer Nicholson placed Mr. Vonalt under arrest.

{¶4} Mr. Vonalt moved to suppress the arrest and the evidence obtained from the traffic stop. He argued that Officer Nicholson lacked reasonable suspicion to perform the initial stop of his vehicle and that Officer Nicholson lacked probable cause to arrest him because Officer Nicholson failed to properly follow the guidelines for conducting the field sobriety tests. The trial court suppressed the evidence obtained through the horizontal gaze nystagmus and one-legged-stand tests, determining that Officer Nicholson had failed to substantially comply with the National Highway Traffic Safety Administration ("NHTSA") procedures for conducting those tests. The trial court denied the rest of Mr. Vonalt's motion, determining that Officer Nicholson had reasonable suspicion to stop Mr. Vonalt, that he had substantially complied with the NHTSA procedures for the walk-and-turn test, and that he had probable cause to arrest Mr. Vonalt.

{¶5} Mr. Vonalt appeals, raising a single assignment of error.

II.

**ASSIGNMENT OF ERROR**

"THE TRIAL COURT ERRED IN DENYING THE MOTION TO SUPPRESS WHERE THE VIDEOTAPE FAILS TO SHOW ANY TRAFFIC VIOLATIONS AND THE OFFICER FAILED TO SUBSTANTIALLY COMPLY WITH ADMINISTRATION OF THE WALK AND TURN (WAT) FIELD SOBRIETY TEST IN ACCORDANCE WITH THE NHTSA MANUAL[.]"

{¶6} Mr. Vonalt argues that the trial court erred in determining that Officer Nicholson had reasonable suspicion to initiate a traffic stop. He also argues that, even if the stop was legal,

the trial court should have found that Officer Nicholson failed to substantially comply with the procedures for conducting the walk-and-turn test. According to Mr. Vonalt, because all of the field sobriety tests were improperly conducted, Officer Nicholson lacked probable cause to arrest him.

{¶7} Generally, review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003–Ohio–5372, at ¶8. Thus, we defer to the trial court's findings of fact if they are supported by competent, credible evidence and review the trial court's application of the law to the facts de novo. *State v. Metcalf*, 9th Dist. No. 23600, 2007–Ohio–4001, at ¶6.

{¶8} Regarding the traffic stop, contrary to Officer Nicholson's testimony, Mr. Vonalt testified that he did not cross left of center while making a turn. However, the trial court found that Officer Nicholson had observed Mr. Vonalt cross left of center while making a turn, thus rejecting Mr. Vonalt's testimony. Mr. Vonalt does not dispute that such an observation would provide Officer Nicholson with reasonable suspicion that would justify the traffic stop. Rather, he argues that the trial court's finding was not supported by competent and credible evidence because the incident was not recorded by the dashcam in Officer Nicholson's cruiser whereas the remaining events ultimately leading to his arrest were captured by the dashcam. According to Mr. Vonalt, "[t]he more credible explanation is that Officer Nicholson * * * created the excuse of a 'marked lanes' violation to justify the traffic stop. He knows that[,] if the driver later challenges the stop, his testimony will simply be more worthy of belief than the driver's because he is an officer."

{¶9} Mr. Vonalt's credibility argument is a reasonable one, and one with which the trial court could have agreed. However, the trial court was able to observe Officer Nicholson

and Mr. Vonalt testify and to weigh their credibility accordingly. Thus, we conclude that the trial court's finding that Mr. Vonalt committed a traffic violation is supported by competent and credible evidence.

{¶10} With regard to probable cause, "this Court reviews a probable cause determination de novo." (Internal quotations and citations omitted.) *State v. Hash*, 9th Dist. No. 10CA0008-M, 2011-Ohio-859, at ¶7. "An officer possesses probable cause to arrest a person for a violation of R.C. 4511.19[ ] when the totality of the circumstances at the time of arrest would lead a reasonable person to believe that the person to be arrested is operating a vehicle while impaired." *State v. Jalwan*, 9th Dist. No. 09CA0065-M, 2010-Ohio-3001, at ¶10, citing *State v. Kurjian*, 9th Dist. No. 06CA0010-M, 2006-Ohio-6669, at ¶17.

{¶11} Mr. Vonalt argues that Officer Nicholson lacked probable cause to arrest him because his speech was fine, rather than slurred, and there was no evidence that he had glassy or bloodshot eyes. In addition, although Officer Nicholson stated that he smelled alcohol, he never testified that the smell of alcohol was actually coming from Mr. Vonalt's mouth. He also argues that, presuming the suppression of the walk-and-turn test, his admission to consuming alcohol, the smell of alcohol, and the observed lane violation and other observations after the stop were insufficient to give rise to probable cause.

{¶12} Even assuming, without deciding, that the results of the walk-and-turn test should have been suppressed, "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where * * * the test results must be excluded[.]" *State v. Homan* (2000), 89 Ohio St.3d 421, 427, superseded by statute on other grounds. See, also, *State v. Schmitt*, 101 Ohio St.3d 79, 2004-Ohio-37, at syllabus. (holding that "[a] law enforcement officer may testify at trial regarding observations

made during a defendant's performance of nonscientific standardized field sobriety tests"). Thus, observations made during the stop may also contribute to the totality of the circumstances analysis bearing upon probable cause.

{¶13}  In this case, even without results from the walk-and-turn test, the totality of the circumstances supports the trial court's determination of probable cause.  In addition to the testimony, the trial court was able to review the dashcam recording taken during the stop.  Mr. Vonalt generally appeared disoriented, ignoring, or at least failing to follow, multiple directions given to him by Officer Nicholson throughout the course of the stop.

{¶14}  In addition to this disoriented behavior, Mr. Vonalt admitted to having consumed alcohol.  The trial court found that, based on Officer Nicholson's testimony, Mr. Vonalt had crossed left of center when making a turn and that Officer Nicholson detected the odor of alcohol coming from him.  Accordingly, the trial court did not err when it determined that, given the totality of the circumstances, Officer Nicholson had probable cause to arrest Mr. Vonalt for violating R.C. 4511.19.  See, e.g., *Homan*, 89 Ohio St.3d at 427 (holding that an officer's observation of a defendant's erratic driving, bloodshot and glassy eyes, that she smelled of alcohol, and her admission that she had been drinking "amply supports * * * [a] decision to place [her] under arrest[ ]").

{¶15}  Mr. Vonalt's assignment of error is overruled.

III.

{¶16}  Mr. Vonalt's assignment of error is overruled and the judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

6

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DAVID C. SHELDON, Attorney at Law, for Appellant.

GREGORY A. HUBER, Prosecuting Attorney, and ARTHUR E. FOTH, Assistant Prosecuting Attorney, for Appellee.