[Cite as *State v. Mossman*, 2014-Ohio-2620.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-959 |
| v. | : | (M.C. No. 2013 TRC-135890) |
| Natalie G. Mossman, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 17, 2014

*Richard C. Pfeiffer, Jr.,* Columbus City Attorney, and *Lara N. Baker*, City Prosecutor, for appellant.

*Samuel H. Shamansky,* for appellee.

APPEAL from the Franklin County Municipal Court

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio ("the state"), appeals from a judgment entered by the Franklin County Municipal Court sustaining a motion to suppress evidence filed by defendant-appellee, Natalie G. Mossman ("appellee"). The court ruled that the state could not use evidence obtained subsequent to a traffic stop to prove that appellee had operated a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1). For the reasons that follow, we reverse and remand the case to the trial court for further proceedings.

I. Facts and Procedural Background

{¶ 2} Testimony elicited at the suppression hearing established that, at approximately 2:15 a.m. on Sunday, May 5, 2013, Trooper Robert C. Bradley, Jr. of the Ohio State Highway Patrol ("the trooper"), observed appellee driving a vehicle in excess of the posted speed limit, i.e., as high as 59 miles per hour in a 35-miles-per-hour zone. Appellee proceeded onto a freeway entrance ramp, whereupon the trooper activated his lights, and appellee stopped her vehicle on the berm of the freeway. Upon approaching

appellee's automobile, the trooper "smell[ed] a strong odor of an alcoholic beverage coming from the vehicle." (Tr. 6.) He observed that there was a male in the passenger seat. The trooper asked appellee how much she had had to drink and when. Appellee told the trooper that she "had some * * * about 30 minutes prior to the stop." (Tr. 6.) At that point, the trooper asked appellee to exit the vehicle to perform field sobriety tests, including horizontal and vertical gaze nystagmus examinations, a one-leg stand test, and a walk-and-turn test. He also asked appellee to recite the alphabet, starting with B and ending at T. Appellee did not at that time take a portable breath test but, based on appellee's performance on the field sobriety tests, the trooper determined that he had probable cause to arrest her for OVI. In addition to the trooper's testimony, the state introduced a video of the incident that had been recorded from the dashboard camera on the trooper's patrol vehicle.

{¶ 3} On cross-examination, the trooper acknowledged that, at the time he pulled appellee over, he had no objective indicia that she was under the influence of alcohol and that he did not observe slurred speech, erratic behavior or impaired driving.

{¶ 4} In a written decision, the court granted appellant's motion to suppress, stating:

> The threshold question * * * is whether the Trooper had *probable cause* to detain the Defendant for administration of the field sobriety tests. Based upon the Trooper[']s observations (or lack thereof) prior to the administration of the tests, the answer to that questions [sic] would be no.
>
> The Trooper observed no signs of impaired driving. A speeding violation, standing alone, is not an indicator of impaired driving. The only indicators of possible impairment exhibited by the Defendant were an odor of alcohol, an admission to "some" drinking fairly recently, and glassy eyes. The latter can be attributed to the late hour as much as it can to being impaired. The odor and admission is only an indicator of drinking, not necessarily impairment. * * *
>
> Based upon the above, the Court finds that there existed no probable cause to detain and arrest the Defendant, considering all of the above factors.

(Emphasis added.) (Nov. 12, 2013 Amended Judgment Entry, 2.)

{¶ 5} The state has timely appealed and raises the following assignment of error:

THE TRIAL COURT ERRED WHEN IT FOUND THAT TROOPER BRADLEY DID NOT HAVE A LAWFUL BASIS TO DETAIN APPELLEE AND REQUEST THAT SHE PERFORM FIELD SOBRIETY TESTS.

## II. Applicable Law and Standard of Review

{¶ 6} It is axiomatic that the Ohio Constitution and the Fourth and Fourteenth Amendments to the United States Constitution protect individuals against unreasonable searches by agents of the government: " 'The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Section 14, Article I of the Ohio Constitution, protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." ' " *State v. Broughton*, 10th Dist. No. 11AP-620, 2012-Ohio-2526, ¶ 15, quoting *State v. Ford,* 10th Dist. No. 07AP-803, 2008-Ohio-4373, ¶ 19.

{¶ 7} "For purposes of the Fourth Amendment, a person has been seized when an officer conducts an investigative stop and detains the person in order to administer field sobriety tests." *Upper Arlington v. Wissinger*, 10th Dist. No. 13AP-922, 2014-Ohio-1601, ¶ 15, citing *State v. Robinette*, 80 Ohio St.3d 234, 240-41 (1997). "[B]efore an officer may conduct field sobriety tests, he or she must have *reasonable* suspicion based upon specific, articulable facts that a driver is intoxicated." (Emphasis added.) *Id.*, citing *State v. Perkins*, 10th Dist. No. 07AP-924, 2008-Ohio-5060, ¶ 8. " '[A]fter making a valid investigative stop, an officer may investigate a suspect for impaired driving if reasonable and articulable facts exist to support the officer's decision.' " *Perkins* at ¶ 8, quoting *Columbus v. Weber,* 10th Dist. No. 06AP-845, 2007-Ohio-5446, ¶ 8. It is the state's burden to prove that reasonable suspicion was present based upon specific articulable facts. *Id.*

{¶ 8} When ruling on a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve factual questions and evaluate witness credibility. *State v. Hogan*, 10th Dist. No. 11AP-644, 2012-Ohio-1421, ¶ 17, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. In reviewing the trial court's denial of appellant's motion to suppress, we are guided by the following principles:

> Appellate review of a motion to suppress involves mixed questions of law and fact and, therefore, is subject to a twofold standard of review. *State v. Humberto*, 10th Dist. No. 10AP–527, 2011-Ohio-3080, ¶ 46. "Because the trial court is in the

> best position to weigh the credibility of the witnesses, we must uphold the trial court's findings of fact if competent, credible evidence supports them. We nonetheless must independently determine, as a matter of law, whether the facts meet the applicable legal standard." *Id.*, citing *State v. Reedy*, 10th Dist. No. 05AP-501, 2006-Ohio-1212, ¶ 5 (internal citations omitted).

*State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 49.

## III. Analysis

### A. Reasonable Suspicion for Initial Stop

{¶ 9} In this case, appellee does not dispute that the trooper had reasonable suspicion to initiate the traffic stop based on his having clocked her traveling well in excess of the speed limit. Accordingly, and in view of the unrebutted testimony of the trooper that appellee had been speeding, we find that the trooper properly initiated a traffic stop of appellee.

### B. Reasonable Suspicion for Detention to Conduct Field Sobriety Test

{¶ 10} In *State v. Montelauro*, 10th Dist. No. 11AP-413, 2011-Ohio-6568, ¶ 8, we recognized that, even where an officer has probable cause to stop a defendant for committing a traffic violation, the officer's further detention of the defendant in order to conduct field sobriety tests violates the Fourth Amendment unless the officer has reasonable, articulable suspicion that the defendant is intoxicated. Moreover, "[t]he propriety of such an investigative stop must be viewed in light of the totality of the circumstances." *Id.*, citing *United States v. Cortez*, 449 U.S. 411 (1981), and *State v. Bobo*, 37 Ohio St.3d 177 (1988), paragraph one of the syllabus. We must, therefore, pursuant to the applicable standard of review, independently determine, as a matter of law, whether the facts in this case, viewed in the totality of circumstances presented here, demonstrate that the trooper's suspicion that appellee was operating a vehicle under the influence of alcohol was reasonable, justifying further detention for the purpose of field sobriety testing.

{¶ 11} Both parties acknowledge that, while probable cause is required to justify an arrest, the trooper could legally detain appellee to administer field sobriety tests if the facts demonstrated grounds for reasonable suspicion that appellee was operating a vehicle under the influence of alcohol. The trial court erred to the extent that it examined the facts and circumstances in light of a probable-cause standard in determining the legality

of the detention for field sobriety testing. That error, however, does not require that we remand the matter to the trial court for it to determine whether the facts and circumstances satisfied a reasonable suspicion standard. *See, e.g., State v. Cordell*, 10th Dist. No. 12AP-42, 2013-Ohio-3009, ¶ 10, 15, and *State v. Battle*, 10th Dist. No. 10AP-1132, 2011-Ohio-6661, ¶ 25, 39. (In both cases, after ruling that the trial court had applied an incorrect standard in ruling on a motion to suppress, we reviewed the facts and applied the correct standard to determine whether suppression was warranted.) We conclude that the undisputed facts support the conclusion that the trooper did have a reasonable suspicion that appellee was operating a vehicle under the influence of alcohol, and, therefore, the trooper's detention of appellee to further investigate by conducting field sobriety testing was consistent with the Fourth Amendment.

{¶ 12} In 1991, we acknowledged that an officer had reasonable suspicion to conduct field sobriety tests where the driver was stopped for driving 72 miles per hour in a 55-miles-per-hour zone in the early morning hours, combined with the fact that the officer noticed a moderate odor of alcohol about the driver's person. *Columbus v. Anderson*, 74 Ohio App.3d 768 (10th Dist.1991). We held that those facts supported the conclusion that the officer had reasonable suspicion to detain for field sobriety tests, observing that "[t]he speed of [the driver's] vehicle, the moderate odor of alcoholic beverage, and the time of day provided sufficient grounds for the officer to have a reasonable suspicion which warranted further investigation." *Id.* at 770.

{¶ 13} We find that the totality of the circumstances surrounding appellee's traffic stop, viewed " 'through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold' " justified the trooper's reasonable suspicion that appellee was driving while impaired. *Montelauro* at ¶ 17, quoting *State v. Santiago*, 2d Dist. No. 2010 CA 33, 2011-Ohio-5292. Appellee was driving well in excess of the 35-miles- per-hour limit, the trooper stopped her at approximately 2 a.m. on a Sunday morning, the trooper discerned an odor of alcohol in the vehicle, and appellee acknowledged having been drinking. *Accord Perkins* at ¶ 9 ("In *Anderson,* this court found that speeding in the early morning hours and the odor of alcohol provided sufficient grounds for the officer to have a reasonable suspicion to warrant further investigation. Other Ohio appellate districts have found similar circumstances to constitute sufficient grounds for an officer to conduct field sobriety tests.").

### C.  Probable Cause to Arrest

{¶ 14}The decision of the trial court states that it suppressed the evidence of appellee's performance on the field sobriety tests based on its finding of a lack of probable cause, rather than reasonable suspicion, of OVI at the time the officer detained appellee for field sobriety testing.  It did not reach the question of whether probable cause to arrest appellee for OVI existed after appellee had undergone that testing.  We remand the case to the trial court for it to determine in the first instance the issue of whether, after the field sobriety tests had been conducted, the trooper had probable cause to arrest appellee.

## IV. Conclusion

{¶ 15}For the foregoing reasons, we sustain in part appellant's assignment of error. We reverse the judgment of the Franklin County Municipal Court and remand this case to that court with instructions that it determine whether the trooper had probable cause to arrest appellee.

*Judgment reversed and cause remanded with instructions.*

KLATT and O'GRADY, JJ., concur.

_____