[Cite as *State v. Snow*, 2015-Ohio-358.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO                           C.A. No.      14CA0019-M

    Appellee

    v.                                  APPEAL FROM JUDGMENT
                                        ENTERED IN THE
GEORGE SNOW                             MEDINA MUNICIPAL COURT
                                        COUNTY OF MEDINA, OHIO
    Appellant                           CASE No.      13TRC01235

DECISION AND JOURNAL ENTRY

Dated: February 2, 2015

BELFANCE, Presiding Judge.

{¶1} Defendant-Appellant George Snow appeals from the judgment of the Medina Municipal Court. For the reasons set forth below, we affirm.

I.

{¶2} Around midnight on March 10, 2013, Medina Township Police Officer Justin Harvey stopped the vehicle driven by Mr. Snow after Officer Harvey observed the vehicle traveling at 67 miles per hour on a road with a 55 mile per hour speed limit. Upon approaching the vehicle, Officer Harvey detected an odor of alcohol emanating from the vehicle and noticed that Mr. Snow had bloodshot and glassy eyes. Mr. Snow informed Officer Harvey that he had consumed two beers and that he finished his last one close to thirty minutes prior to the stop. After conducting field sobriety tests, Officer Harvey arrested Mr. Snow and transferred him to a state highway patrol post. There, a trooper administered a BAC Data Master Test to Mr. Snow which read .094. Upon moving Mr. Snow's vehicle, a mason jar containing an alcoholic

beverage was discovered in the back seat. A complaint was filed alleging that Mr. Snow violated R.C. 4511.21(C), 4511.19(A)(1)(a), and 4511.19(A)(1)(d).

{¶3} Mr. Snow waived a reading of the complaint and entered a not guilty plea. Mr. Snow's counsel filed a motion to suppress. The trial court concluded that the initial stop of Mr. Snow was justified. It further found that the results of the field sobriety tests were inadmissible because the State failed to demonstrate they were conducted in substantial compliance with testing standards as required by R.C. 4511.19(D)(4)(b). Nonetheless, the trial court concluded that there was probable cause to arrest Mr. Snow and that the operator of the BAC machine was certified to administer the test. Ultimately, Mr. Snow entered a no contest plea to a violation of R.C. 4511.19(A)(1)(a), and the remaining charges were dismissed. The trial court sentenced Mr. Snow to 90 days in jail, suspended 80 of them, and ordered Mr. Snow to serve a year of probation. The trial court also fined Mr. Snow $1000 and suspended his driver's license. Mr. Snow has appealed, raising two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE ISSUE OF WHETHER THERE WAS REASONABLE SUSPICION TO CONDUCT FIELD SOBRIETY TESTS IN THE MOTION TO SUPPRESS.

{¶4} Mr. Snow asserts in his first assignment of error that his trial counsel was ineffective for failing to file a motion to suppress concerning whether there was reasonable suspicion to conduct the field sobriety tests. We do not agree.

{¶5} To establish ineffective assistance of counsel, Mr. Snow must demonstrate "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's

errors, the proceeding's result would have been different." *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, ¶ 62. "There is a strong presumption in favor of the adequacy of counsel, and a defendant must demonstrate that any claimed errors are more than a disagreement over trial strategy." *State v. Brown,* 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 53. The "[f]ailure to file a suppression motion does not constitute per se ineffective assistance of counsel." (Internal quotations and citations omitted.) *State v. Madrigal,* 87 Ohio St.3d 378, 389 (2000). "To establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question." *Brown* at ¶ 65. "In addition, deficient performance cannot be demonstrated where the record fails to disclose the circumstances surrounding the alleged Fourth Amendment violation." *State v. Kendall,* 9th Dist. Summit No. 25721, 2012-Ohio-1172, ¶ 7. "Furthermore, in order to satisfy the prejudice prong of the * * * test, a defendant must demonstrate that there was a reasonable probability that the motion to suppress would have been granted." *Id.*

{¶6} In the instant matter, trial counsel did file a motion to suppress. That motion asserted that (1) "[t]he officer did not have reasonable suspicion to stop, detain, or probable cause to arrest the defendant[;]" (2) "[t]he field sobriety tests and video should be suppressed or prohibited from being introduced at trial[;]" (3) "[t]he State failed to comply with the Ohio Administrative Code Testing Regulations[;]" and (4) "[t]he defendant's statements should be suppressed." Thus, while the motion did not specifically allege that the officer lacked reasonable suspicion to conduct the field sobriety tests, it did broadly assert that the officer lacked reasonable suspicion to detain Mr. Snow. It is true that there were very few questions posed about the basis justifying the field sobriety tests at the suppression hearing; however, it is

difficult to say that the scope of Mr. Snow's motion did not embrace the issue of whether the officer lacked reasonable suspicion to conduct the field sobriety tests.

{¶7} Moreover, we note that the motion to suppress evidences that trial counsel examined the discovery provided, which included watching the video of the stop. Additionally, it is important to point out that trial counsel's motion was effective in part – trial counsel succeeded in getting the results of the field sobriety testing suppressed.

{¶8} Even assuming that trial counsel did neglect to file a motion on the precise issue of whether there was reasonable suspicion justifying the field sobriety tests, we cannot say the record establishes that trial counsel would have been successful on the motion.

{¶9} "[A] police officer does not need probable cause to conduct a field sobriety test; rather, he must simply have a reasonable suspicion of criminal activity." (Internal quotations and citation omitted.) *State v. Saravia,* 9th Dist. Summit No. 25977, 2012-Ohio-1443, ¶ 10. Thus, "[t]o justify [the] particular intrusion, the officer must demonstrate specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." (Internal quotations and citations omitted.) *Maumee v. Weisner,* 87 Ohio St.3d 295, 299 (1999). "Rather than involving a strict, inflexible standard, its determination involves a consideration of the totality of the circumstances. Under this analysis, both the content of information possessed by police and its degree of reliability are relevant to the court's determination." (Internal quotations and citations omitted.) *Id.* Accordingly, decisions concerning the presence or absence of reasonable suspicion are highly fact intensive. *See State v. Criswell,* 162 Ohio App.3d 391, 2005-Ohio-3876, ¶ 8 (2d Dist.).

{¶10} When Officer Harvey was asked the basis for administering the field sobriety tests, he specifically pointed to Mr. Snow's bloodshot and glassy eyes, the fact that Mr. Snow

was speeding, and the odor of alcohol emanating from the vehicle. However, it is unclear whether Officer Harvey would have pointed to additional factors if the parties had been focused on this as an issue at the suppression hearing. As noted above, the record contains additional circumstances available to the officer which might tend to support the suspicion that Mr. Snow was intoxicated. There was evidence that it was late at night and that Mr. Snow had consumed two beers, one of which he finished approximately thirty minutes prior to the stop. *See State v. Mossman,* 10th Dist. Franklin No. 13AP-959, 2014-Ohio-2620, ¶ 13 (concluding that, taken together, the fact that defendant was speeding, that it was early in the morning, that there was an odor of alcohol in the vehicle, and that the defendant acknowledged alcohol consumption could justify field sobriety testing); *see also Criswell*, at ¶ 9; *State v. Balog,* 9th Dist. Medina No. 08CA0001-M, 2008-Ohio-4292, ¶ 16 (reasonable suspicion existed to conduct field sobriety testing where officer notes strong odor of alcohol, defendant admits to drinking, has bloodshot, glassy eyes, and appeared disheveled). Given the totality of the circumstances, we cannot say that the likelihood of trial counsel's success on a motion to suppress asserting lack of reasonable suspicion to conduct field sobriety test was "a given." *Brown,* 115 Ohio St.3d 55, 2007-Ohio-4837, ¶ 69.

{¶11} For all the reasons discussed above, we cannot say that Mr. Snow has demonstrated that his trial counsel was ineffective. Accordingly, we overrule his first assignment of error.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY FINDING THAT THE ARRESTING
OFFICER HAD PROBABLE CAUSE TO ARREST MR. SNOW FOR OVI.

{¶12} Mr. Snow argues in his second assignment of error that the trial court erred in denying his motion to suppress because the officer lacked probable cause to arrest Mr. Snow. We do not agree.

{¶13} The Supreme Court of Ohio has held that

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. We review a probable cause determination de novo. *State v. Vonalt,* 9th Dist. Medina No. 10CA0103-M, 2011-Ohio-3883, ¶ 10.

{¶14} "An officer possesses probable cause to arrest a person for a violation of R.C. 4511.19[ ] when the totality of the circumstances at the time of arrest would lead a reasonable person to believe that the person to be arrested is operating a vehicle while impaired." (Internal quotations and citations omitted.) *Id.* As correctly noted by the trial court, in evaluating whether probable cause exists, an officer's observations concerning a defendant's performance on nonscientific standardized field sobriety tests are admissible even if the results are not. *State v. Schmitt,* 101 Ohio St.3d 79, 2004-Ohio-37, ¶ 14-16; *see also Vonalt* at ¶ 12.

{¶15} In the instant matter, as discussed above, there was evidence that Mr. Snow was speeding at the time of the stop, that he had bloodshot, glassy eyes, that it was approximately midnight, and that he had consumed two beers, one of which he finished approximately thirty minutes prior to the stop. Additionally, Officer Harvey testified concerning his observations of Mr. Snow's performance on the field sobriety tests. In this regard, we note that there is nothing

in the record to suggest that the officer's failure to substantially comply with the NHTSA standards in the administration of the field sobriety tests altered the tests to a degree that the officer's observations about Mr. Snow's performance of those tests could not be considered in determining whether probable cause existed. Officer Harvey indicated that Mr. Snow had difficulty complying with the instructions he provided for the horizontal gaze nystagmus test. Officer Harvey testified that he instructed Mr. Snow to follow the stimulus with only his eyes and Mr. Snow was following it with his head and eyes. Officer Harvey also observed that Mr. Snow failed to completely comply with his instructions on the walk and turn test. Officer Harvey averred that he "observed that [Mr. Snow] did not touch heel to toe on some steps. He almost lost his balance on quite a few. He did not turn in the prescribed manner that [was] demonstrated for him. Also he stepped off line and kicked his leg out to the left to try to steady himself." Finally, Officer Harvey testified that, during the one-leg-stand test, Mr. Snow "swayed while he was balancing[.]" Moreover, the trial court was able to view the video of the stop to verify Officer Harvey's observations with respect to Mr. Snow's performance on the field sobriety tests.

{¶16} In light of the totality of the circumstances before the trial court, we cannot say the trial court erred in concluding that Officer Harvey possessed probable cause to arrest Mr. Snow for violating R.C. 4511.19. *See State v. Russo* 9th Dist. Medina No. 09CA0009-M, 2009-Ohio-6914, ¶ 12; *State v. McGinty,* 9th Dist. Medina No. 08CA0039-M, 2009-Ohio-994, ¶ 20; *State v. Sunday,* 9th Dist. Summit No. 22917, 2006-Ohio-2984, ¶ 33; *Criswell,* 162 Ohio App.3d 391, 2005-Ohio-3876, at ¶ 9-10. We overrule Mr. Snow's second assignment of error.

III.

{¶17} In light of the foregoing, we affirm the judgment of the Medina Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.


APPEARANCES:

JOSEPH C. PATITUCE and CATHERINE R. MEEHAN, Attorneys at Law, for Appellant.

GREGORY HUBER, J. MATTHEW LANIER, RICHARD BARBERA, and JOHN G. QUILLIN, Prosecuting Attorneys, for Appellee.