[Cite as *State v. Kaczmarek*, 2015-Ohio-3852.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-140610 |
| | | TRIAL NO. C-13TRC-18234-B |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DAVID C. KACZMAREK, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: September 23, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Suhre & Associates, LLC*, and *Joseph B. Suhre IV* for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} On April 26, 2013, defendant-appellant David Kaczmarek was pulled over by the Ohio State Highway Patrol and issued a citation for speeding under R.C. 4511.21(D)(2) and two counts of operating a vehicle while impaired ("OVI") under R.C. 4511.19 (A)(1)(a) and 4511.19(A)(1)(d). Kaczmarek filed a pretrial motion to suppress evidence, which was granted in part and otherwise overruled. After trial to a jury, Kaczmarek was convicted of OVI in violation of R.C. 4511.19(A)(1)(d), and acquitted of the charge brought pursuant to R.C. 4511.19(A)(1)(a). Kaczmarek timely appealed his conviction. We affirm the trial court's judgment.

{¶2} Kaczmarek was pulled over on northbound I-71 in northern Hamilton County at approximately 1:00 a.m. on April 26, 2013, after an Ohio State Highway Patrol trooper detected him going 87 m.p.h. in a 65 m.p.h. zone. During the stop, the trooper found that Kaczmarek gave unusual answers to some preliminary questions, and he detected a moderate odor of alcohol. The trooper then asked Kaczmarek to exit from his vehicle in order to perform field-sobriety tests, including the horizontal-gaze-nystagmus ("HGN"), the walk-and-turn ("WAT"), and the one-leg-stand ("OLS") tests. The trooper noticed that Kaczmarek appeared unsteady on his feet after getting out of his car.

{¶3} In prescreening Kaczmarek to prepare for the field-sobriety tests, the trooper asked Kaczmarek whether he wore glasses or contacts and whether he had any medical conditions, to which Kaczmarek replied that he did not. Kaczmarek exhibited six clues on the HGN test. Kaczmarek also exhibited three clues on the WAT test, and "quite a few" clues on the OLS test. Thereafter, Kaczmarek was placed under arrest and taken to the Lebanon post of the State Highway Patrol. A breath

test was administered, the result of which was an alcohol concentration of .101 grams of alcohol per 210 liters of breath.

{¶4} Kaczmarek filed a pretrial motion to suppress in which he argued a litany of reasons why the field-sobriety tests should be suppressed. The trial court conducted a hearing on that motion, during which it heard testimony from the trooper about the traffic stop, the trooper's observations, and details regarding the field-sobriety tests Kaczmarek had been asked to perform. Kaczmarek argued to the trial court that the field tests were not conducted in substantial compliance with the National Highway Traffic Safety Administration's ("NHTSA") DWI Detection and Standardized Field Sobriety Testing Manual. Specifically, Kaczmarek argued that the HGN test was conducted while the trooper's cruiser lights were in his line of sight, with the trooper's pen at incorrect positions, and for an incorrect duration of time. With respect to the WAT and OLS tests, Kaczmarek argues that his overweight status should have precluded the trooper from conducting those tests.

{¶5} The trial court agreed with Kaczmarek regarding the administration of the HGN test, and suppressed evidence of that test because it was not given in substantial compliance with the NHTSA manual. The trial court found that the WAT and OLS tests were administered in substantial compliance with the NHTSA manual, and overruled Kaczmarek's motion with respect to those tests. The trial court further found that the trooper had probable cause to detain Kaczmarek beyond the initial stop for speeding and to arrest Kaczmarek for OVI at the conclusion of the field-sobriety tests.

{¶6} Kaczmarek then proceeded to a jury trial on the OVI charges. After a two-day trial, the jury returned a verdict of not guilty on the charge brought under R.C. 4511.19(A)(1)(a), and guilty on the charge brought under R.C. 4511.19(A)(1)(d).

{¶7} In his sole assignment of error, Kaczmarek argues that the trial court erred by overruling his motion to suppress. "The motion to suppress is critically important in OVI cases. As a practical matter, this stage of the proceeding often disposes of the case or, at the very least, has a significant impact on its outcome." Weiler and Weiler, *Ohio Driving Under the Influence Law*, Section 9:3, at 311 (2014-2015 Ed.). In support of his assignment of error, Kaczmarek argues the trial court erred in finding that the WAT and OLS tests were administered in substantial compliance with the NHTSA manual. He further argues that the trooper did not have probable cause to arrest him.

{¶8} Kaczmarek was cited for OVI under R.C. 4511.19(A)(1)(a) and 4511.19(A)(1)(d). Although Kaczmarek conceded the propriety of the initial stop for speeding, he argues that the WAT and OLS tests were not properly conducted and should have been suppressed. With evidence of the WAT and OLS tests suppressed, Kaczmarek argues, the trooper would not have had probable cause for the arrest and use of the breathalyzer. We disagree.

{¶9} Review of a trial court's decision on a motion to suppress presents a mixed question of law and fact. *State v. Codeluppi,* 139 Ohio St.3d 165, 2014-Ohio-1574, 10 N.E.3d 691, ¶ 7, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. In deciding a motion to suppress, the trial court assumes the role of the trier of fact, and the trial court's findings of fact must be accepted by the appellate court if they are supported by competent, credible evidence. *Id.* If the findings of fact are properly supported, the appellate court then independently determines whether the facts satisfy the applicable legal standard. *Id.*

{¶10} We turn first to the question of the administration of the WAT and OLS tests. The trooper detected three clues on the WAT test, and detected multiple

clues in the OLS test. Kaczmarek argues that the trooper failed to do an appropriate prescreening for the tests and that because he was more than 50 pounds overweight,[1] the tests should not have been conducted at all. Kaczmarek points to a section in the NHTSA Manual that states, "The original research indicated that certain individuals over 65 years of age, [individuals with] back, leg, or inner ear problems, or people who are overweight by 50 or more pounds had difficulty performing this test." This statement was included in the section addressing the administration of the OLS. Contrary to Kaczmarek's argument, this statement is <u>not</u> contained within the section concerning the WAT test. Nevertheless, while the statement may be cautionary, there is nothing in the manual that excludes or excuses overweight people from being asked to complete the OLS test. *See State v. Tyner,* 2d Dist. Montgomery No. 25405, 2014-Ohio-2809, ¶ 10. Being within 50 pounds of an appropriate weight is not a prerequisite for the administration of the standardized OLS test. We therefore agree with the trial court that the WAT and OLS tests were administered in substantial compliance with the NHTSA manual.

{¶11} In determining whether the trooper had probable cause to arrest Kaczmarek, we look to the totality of the circumstances. *See State v. Vonalt,* 9th Dist. Medina No. 10CA0103-M, 2011-Ohio-3883, ¶ 10. In addition, even though the results of the HGN test were suppressed, the trooper's observations regarding Kaczmarek's performance on that test can be considered in determining probable cause for an arrest. *State v. Schmitt,* 101 Ohio St.3d 79, 2004-Ohio-37, 801 N.E.2d 446, ¶ 14-16. Upon consideration of the trooper's observations of Kaczmarek—including the moderate odor of alcohol and unusual responses to questions—and the

---

[1] There is no evidence of record regarding Kaczmarek's weight other than the trooper agreeing that he was more than 50 pounds overweight at the time of the arrest.

results and clues detected on the WAT and OLS tests, we find there was probable cause to arrest Kaczmarek for operating a vehicle while impaired.

{¶12} Kaczmarek's sole assignment of error is overruled. We affirm the trial court's judgment.

Judgment affirmed.

**CUNNINGHAM, P.J.**, and **FISCHER, J.**, concur.

Please note:

This court has recorded its own entry this date.