[Cite as *State v. Sayler*, 2016-Ohio-7083.]

STATE OF OHIO )　IN THE COURT OF APPEALS
　　　　　　　　　　)ss:　NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

STATE OF OHIO　　　　　　　　　　　　C.A. No.　　15CA0094-M

　　　Appellee

　　　v.　　　　　　　　　　　　　　　APPEAL FROM JUDGMENT
　　　　　　　　　　　　　　　　　　　ENTERED IN THE
HEATHER L. SAYLER　　　　　　　　　WADSWORTH MUNICIPAL COURT
　　　　　　　　　　　　　　　　　　　COUNTY OF MEDINA, OHIO
　　　Appellant　　　　　　　　　　　CASE No.　　15-TRC-00878

DECISION AND JOURNAL ENTRY

Dated: September 30, 2016

---

SCHAFER, Judge.

{¶1}　Defendant-Appellant, Heather L. Sayler, appeals the judgment of the Wadsworth Municipal Court denying her motion to suppress. For the reasons set forth below, we affirm.

I.

{¶2}　At about 5:00 a.m. on March 8, 2015, a motorist traveling northbound on Route 71 in Medina County, Ohio observed a white Toyota SUV that was ahead of him lose control and spin off into the median of the interstate. The motorist immediately called 9-1-1 to report the incident. The motorist never saw who was driving the vehicle.

{¶3}　Trooper Richard Dudas of the Ohio State Highway Patrol was dispatched to the scene of the accident. Upon his arrival, Trooper Dudas observed that a unit from the Medina County Sheriff's Office and the Seville Police Department were already present at the scene. Trooper Dudas also observed a white Toyota SUV that had sustained heavy damage resting against the cable barriers in the median of the interstate. A sergeant with the Medina County

Sheriff's Office informed Trooper Dudas that the incident was a single-vehicle crash and that only one occupant was present in the vehicle. That occupant, later identified as Sayler, sustained no injuries as a result of the accident.

{¶4} Trooper Dudas then made contact with Sayler, who was sitting in the back of the sergeant's cruiser. Trooper Dudas asked Sayler to step out of the cruiser to answer some questions. While Sayler was speaking, Trooper Dudas observed a "very strong odor of an alcoholic beverage coming from her person." He also observed that "her eyes were bloodshot and glassy." Sayler admitted that she had consumed three beers. Trooper Dudas then asked Sayler to perform standardized field sobriety tests, which she agreed to do. Following the field sobriety tests, Trooper Dudas placed Sayler under arrest for operating a motor vehicle while under the influence of alcohol.

{¶5} Sayler was charged with one count of operating a motor vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor, one count of failure to control her vehicle in violation of R.C. 4511.202, a minor misdemeanor, and one count of failing to wear a seatbelt in violation of R.C. 4513.263(B)(1), a minor misdemeanor. Sayler pleaded not guilty to the charges and the matter proceeded through the pretrial process.

{¶6} On May 6, 2015, Sayler filed a motion to suppress alleging: (1) Trooper Dudas lacked probable cause to arrest her for driving under the influence of alcohol, (2) Trooper Dudas did not substantially comply with the standardized procedures promulgated by the National Highway Traffic Safety Administration (NHTSA) when conducting the field sobriety tests, and (3) the State improperly obtained a sample of her blood. The trial court subsequently held a hearing on Sayler's suppression motion and ultimately determined that Trooper Dudas had

probable cause to arrest Sayler, that Trooper Dudas substantially complied with the NHTSA manual when conducting the field sobriety tests, and that Sayler gave consent to have her blood drawn. However, the trial court concluded that the State failed to present "any evidence as to whether or not the [blood] sample was refrigerated once it was received at the crime lab." As such, the trial court suppressed the results of the blood test.

{¶7} The matter proceeded to a jury trial on September 8, 2015. The jury ultimately found Sayler guilty of driving under the influence of alcohol and the trial court found Sayler guilty of failing to control her vehicle. However, Sayler was acquitted of the seatbelt violation. On October 2, 2015, the trial court sentenced Sayler, but stayed the imposition of sentence pending appeal.

{¶8} Sayler filed this timely appeal and raises one assignment of error for this Court's review.

II.

**Assignment of Error**

**The trial court erred by not granting Appellant, Heather Saylor's Motion to Suppress.**

{¶9} In her sole assignment of error, Sayler argues that the trial court erred by denying her motion to suppress. Specifically, Sayler contends that the trial court should have granted her suppression motion because the State failed to prove that she was operating a motor vehicle on the date in question and because the State failed to prove by clear and convincing evidence that Trooper Dudas substantially complied with the 2013 NHTSA manual when performing the field sobriety tests. We disagree on both points.

## A. Standard of Review

{¶10} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside,* 100 Ohio St.3d 152, 2003–Ohio–5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.,* citing *State v. Mills,* 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.* at ¶ 8. "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.,* citing *State v. McNamara,* 124 Ohio App.3d 706 (4th Dist.1997).

## B. Operating a Motor Vehicle

{¶11} Sayler first contends that the trial court erred by denying her suppression motion because Trooper Dudas lacked probable cause to arrest her for OVI. Specifically, Sayler argues that the State failed to prove by a preponderance of the evidence at the suppression hearing that she was operating a motor vehicle when the alleged offenses occurred. We disagree.

{¶12} The legal standard for probable cause to arrest for OVI is whether "at the moment of the arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." *State v. Homan*, 89 Ohio St.3d 421, 427 (2000), superseded by statute on other grounds. This involves an examination of the totality of the facts and circumstances known at the time of the arrest. *Id*. In evaluating whether probable cause exists, an officer's observations concerning a defendant's performance on nonscientific standardized field sobriety tests are admissible even if the results are not. *State v. Schmitt*, 101 Ohio St.3d 79,

2004–Ohio–37, ¶ 14–16; *State v. Vonalt*, 9th Dist. Medina No. 10CA0103-M, 2011-Ohio-3883, ¶ 12.

**{¶13}** Here, Trooper Dudas was the only law enforcement officer who testified at the suppression hearing. Trooper Dudas testified that upon arriving at the scene of the accident, he observed a white Toyota SUV in the median of the interstate, which had sustained heavy damage. Trooper Dudas testified that he observed no other traffic accidents in the immediate area when he responded to this reported accident. He further testified that a sergeant with the Medina County Sheriff's Office informed him that the accident was a single-vehicle crash and that the vehicle only had one occupant, who was identified as Sayler. Trooper Dudas also testified that Sayler was alone at the scene of the accident when he arrived. While speaking with Sayler, Trooper Dudas stated that he observed a strong odor of an alcoholic beverage coming from her person. He also stated that Sayler had bloodshot and glassy eyes. Trooper Dudas subsequently had Sayler perform standardized field sobriety tests, including the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand. Lastly, Sayler never denied being the driver of the Toyota SUV during her conversation with Trooper Dudas or otherwise appeared surprised by Trooper Dudas' request that she perform the field sobriety tests. Trooper Dudas testified that due to the single-vehicle crash, the odor of alcoholic beverage emanating from Sayler, Sayler's glassy and bloodshot eyes, Sayler's admission to consuming three beers, and Sayler's performance during the field sobriety tests, he elected to place Sayler under arrest for OVI.

**{¶14}** In light of the totality of the circumstances before the trial court, we cannot say that the trial court erred in concluding that Trooper Dudas possessed probable cause to arrest Sayler for OVI.

### C. Substantial Compliance with NHTSA Standards

{¶15} Sayler also argues that Trooper Dudas did not substantially comply with NHTSA standards for generally-accepted field sobriety tests. In order for the results of field-sobriety tests to be admissible, the state is not required to show strict compliance with testing standards, but instead bears the burden of demonstrating that the officer substantially complied with NHTSA standards. R.C. 4511.19(D)(4)(b); *State v. Clark,* 12th Dist. Brown No. CA2009–10–039, 2010–Ohio–4567, ¶ 11. "A determination of whether the facts satisfy the substantial compliance standard is made on a case-by-case basis." *State v. Fink*, 12th Dist. Warren Nos. CA2008–10–118, CA2008–10–119, 2009-Ohio-3538, ¶ 26. "'The state may demonstrate what the NHTSA standards are through competent testimony and/or by introducing the applicable portions of the NHTSA manual.'" *Middleburg Hts. v. Gettings*, 8th Dist. Cuyahoga No. 99556, 2013-Ohio-3536, ¶ 12, quoting *Parma Hts. v. Dedejczyk*, 8th Dist. Cuyahoga No. 97664, 2012-Ohio-3458, ¶ 42, citing *State v. Boczar,* 113 Ohio St.3d 148, 2007–Ohio–1251, ¶ 28.

{¶16} In the instant matter, the trial court took judicial notice of the 2013 NHTSA manual. However, while the trial court took judicial notice of the NHTSA manual, Sayler did not make the manual part of the appellate record. Without any standards in the record with which to compare Trooper Dudas' actions, it is impossible for this Court to determine whether the field sobriety tests were conducted in substantial compliance. *State v. Mencini*, 9th Dist. Summit No. 27322, 2015-Ohio-89, ¶ 21, citing *State v. Aldridge*, 3d Dist. Marion No. 9-13-54, 2014-Ohio-4537, ¶ 18. Moreover, the video of Sayler performing the field sobriety tests has not been made a part of the appellate record. The trial court relied heavily on the video in determining that Trooper Dudas did substantially comply with NHTSA standards. As it was Sayler's burden to supply a complete record, this Court is left to presume regularity and affirm

the trial court's judgment. *See State v. Daniel*, 9th Dist. Summit No. 27390, 2014-Ohio-5112, ¶ 5 ("[W]here the appellant has failed to provide a complete record to facilitate appellate review, this Court is compelled to presume regularity in the proceedings below and affirm the trial court's judgment."), citing *State v. McGowan*, 9th Dist. Summit No. 27092, 2014-Ohio-2630, ¶ 6.

**{¶17}** Sayler's assignment of error is overruled.

III.

**{¶18}** With Sayler's sole assignment of error having been overruled, the judgment of the Wadsworth Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
<u>CONCURS IN JUDGMENT ONLY.</u>

MOORE, J.
<u>CONCURRING IN JUDGMENT ONLY.</u>

{¶19} I concur in the majority's judgment. However, with respect to Ms. Sayler's argument that Trooper Dudas failed to substantially comply with NHTSA standards, I would overrule the argument solely on the basis that the video of the stop has not been made a part of the appellate record. The trial court relied heavily on the video in determining that Trooper Dudas did substantially comply with NHTSA standards. As it was Ms. Sayler's burden to supply a complete record, I would presume regularity and affirm the trial court's judgment on that basis alone. *See State v. Peterson*, 9th Dist. Summit No. 27890, 2016-Ohio-1334, ¶ 7.

<u>APPEARANCES:</u>

BRENT L. ENGLISH, Attorney at Law, for Appellant.

NORMAN BRAGUE, Director of Law, and THOMAS J. MORRIS, Assistant Director of Law, for Appellee.